Ellis *vs.* The United States Fertilizing and Chemical Company.

1. That a verdict for the plaintiff is too small is not good ground of exception by defendant.
2. Where a father and son lived together, the latter cultivating a part of the former's land and attending to the entire farm, and the son went with his father's wagons and teams to purchase guano, it was admissible to show that in making the purchase he stated that the guano was for the use of both of them. This formed a part of the contract. The effect which it would have on the father would depend on proof of the agency of the son.
3. Where one of two parties must suffer by reason of the fraudulent conduct of a third, he who places it in the power of the latter to perpetrate such fraud must lose rather than the other.
4. Where a son obtained guano on a credit by fraudulent representations that he was purchasing for himself and father jointly, and on

discovery of the fraud, the agent of the vendor demanded a return of the guano, and was referred to the father, who agreed to take it and use it if a specified reduction should be made in the price, which was assented to, he thereby became liable as an original contractor.

5. The verdict is supported by the evidence.

Practice in the Supreme Court. Verdict. Evidence. Fraud. Contract. Before Judge BUCHANAN. Spalding Superior Court. August Term, 1879.

Reported in the decision.

S. C. McDANIEL, for plaintiff in error.

D. N. MARTIN; STEWART & HALL, for defendant.

JACKSON, Justice.

This company, through its agent, Cole, sued W. A. Ellis and the plaintiff in error, J. T. Ellis, for the sum of two hundred and eighty-five dollars, as alleged in the complaint, but the bill of particulars shows two hundred and seventy-five dollars. The jury found two hundred and fifty dollars, with interest from the sale. A motion was made for a new trial by J. T. Ellis on various grounds; the court overruled the motion on each of them, and on that judgment error is assigned here by him.

1. The first ground of the motion is that the verdict is too small. That cannot hurt the plaintiff in error, if true, and we do not deem it necessary to make the calculation over again for the jury. If the party complaining of its being too little be aggrieved by it, let him pay what he thinks is the precise overplus that the jury did not find, and doubtless the plaintiff in the court below will accept it.

2. The second ground is that the court admitted the evidence of Cole, the plaintiff's agent, as to what the defendant, W. A. Ellis, said when he made the contract for the fertilizer, contending that it was not admissible against J. T. Ellis. The facts, as set up and sworn to on the part of the company, are that the two Ellises are father and son, the

son living with his father; that he attended to the farm for his father, having the privilege to cultivate some of the land for himself; that he got the fertilizer from Cole when he had the father's wagons and teams, and Cole let him have it, charging it to both, and when he did so let him have it, W. A. Ellis said that it was for both, and such was therefore the contract made between the agent of the company and W. A. Ellis. To the latter part of this evidence, to-wit, what W. A. Ellis said as to the parties for whom he bought it, the objection was made, and that evidence being admitted, error is assigned upon it. The court did right to let the evidence in. It was the contract between these two men, and what each said made it; and Cole had the right to give his recollection and version of it as well as W. A. Ellis, and the company was not restricted to W. A. Ellis as the only witness, because he was a competent witness. As to what effect it should have on J. T. Ellis, depended upon all the facts and circumstances of the case tending to show agency in the son for the father, one of which is the fact that he lived with him, managed his planting for him, and had his wagons and teams, and with them hauled the fertilizer home.

3. Error is also assigned that the court charged to the effect that where one man puts it in the power of another to cheat a third, the man thus giving the opportunity to the second must suffer rather than the third innocent man. This is the law. It is applicable to this case, if, from all the circumstances, the jury should believe that the conduct of J. T. Ellis, in allowing his son to control his teams and wagons, and manage his planting interests that year, though he did have the right to cultivate a part of the place for himself, and subsequent circumstances in regard to J. T. Ellis' ratification of the contract made by his son on terms, if this conduct, in the judgment of the jury, enabled the son to cheat the company, then the charge is not without evidence, and is not hypothetical, but has basis on which to rest. It makes no difference whether J. T. Ellis intended

the fraudulent use of his conduct towards his son, by the son or not, if by that conduct the innocent party was led to part with goods he would not have sold but for the advantage the son got over him by reason of the conduct of the father.   Code, §3174.

4. Another ground on which the motion is based, is that the court charged to the effect that fraud would annul the title in W. A. Ellis, and if Cole was taking steps to get back the fertilizer, and pending efforts that way, J. T. Ellis promised to use it and pay for it if the price was put $2.50 less per ton, then J. T. Ellis would be liable as an original contractor.   We think that this is law, and the charge is based on evidence enough to support it.   Fraud certainly operated to make the sale void.   Code, §§2633, 2751, therefore no title passed, and Cole, for the company, could have recovered the manure in an action of trover. There is evidence that he did say to W. A. Ellis that he wanted it back, that he was referred to his father, that afterwards, at the drug store, the father agreed to take it and use it, and therefore there is evidence to support the charge.

5. The other specific grounds of the motion were abandoned here, leaving the general allegations that the verdict is contrary to the charge, to the law, and to the evidence. The charge gave the law substantially to the jury, and the law of the case was administered, if there be evidence to sustain the verdict.

What is the evidence, looking to the company's side, which the jury believed, and had a right to believe to be the truth?   As made by the seller the case is this: W. T. Ellis owned a farm; three sons lived with him; W. A. Ellis, about 27 or 28 years old, cultivated for himself a part of his father's land, and managed the rest the year the fertilizer was used, his father being in bad health; he contracted for the fertilizer, with his father's wagons and teams in his possession, and used them to haul it to his father's home; the quanity bought by him far exceeded any amount that he himself could have used on the few acres he culti-

vated for himself, and, being hauled home to his father's, must have been designed for the father's farm, and the father must have known it was too much for the son's use; Cole's suspicions seem to have been aroused by W. A. Ellis' dealings with other dealers in fertilizers in Griffin, and he went to the farm to try and recover the fertilizer W. A. Ellis had got; at his, W. A.'s instance, he drew a note for J. T. Ellis, the father, to sign; J. T. declined to sign when it was presented to him by W. A.; Cole saw him about it at a drug store, when he agreed to take, use and pay for it at a reduced price; this both refused to do, and suit was brought for the manure at the reduced price; it was used on the farm of J. T., the father, and for his cotton crop, and no complaint is made that it proved to be bad, or was not fertilizing, and did not add to the crop; J. T.'s, the father's defense, is that he bought it from W. A., his son; gave a buggy and horse for it; another buggy got back into the father's hands, and the horse into a younger brother's hands, who was under twenty-one years of age; and these facts being believed by the jury, the question is, do they furnish evidence sufficient to sustain a verdict which made father and son both liable? In our view the question is one of fraud or no fraud, and the jury found that the facts authorized them to find such fraud in all the circumstances considered together, as to connect father and son in the joint purchase and use of the fertilizer, and in a joint effort to fix up the transaction so as not to pay for it, after it was used successfully in increasing the cotton crop of the father. Our Code, §2751, declares that "fraud voids all contracts. Fraud may not be presumed, but being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." And questions of fact, especially in respect to fraud, are for the jury.

In this case it may have existed, the circumstances point to its existence, the plaintiff has not been paid for his goods, they were used by, and they have benefitted, the very defendant who brings the case here; he must have known that his son had not paid for the guano when he says he bought

it from him, and subtle as the fraud may be in this case, the jury have ferreted it out, the presiding judge has approved their finding, and there being evidence enough to support the verdict, though the testimony is quite conflicting, we are prevented from interfering by our well-settled rule in such cases, even if we did not ourselves approve the verdict. It is in this case clearly authorized by all the circumstances in proof.

Judgment affirmed.