754    SUPREME COURT OF GEORGIA.

Brewer *vs.* Kingsberry.—Mullins, Head & Company *vs.* Murphy *et al.*; etc.

## BREWER *vs.* KINGSBERRY.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

No authority is granted by the laws of this state to any one to grant marriage licenses except the ordinary, his deputy or clerk. The duty is not wholly ministerial; but to these officers is entrusted a public duty looking to the protection of parents and guardians by making proper inquiries as to the age of the female, and refusing licenses for the marriage of females known to them to be domiciled in another county. For an ordinary to issue marriage licenses in blank to one who was wholly unauthorized to determine the rights of parties to receive them, was illegal, and the ordinary cannot recover amounts received by such person for licenses so disposed of by him, under a contract, express or implied.

November 28, 1882.

CRAWFORD, Justice.

---

## MULLINS, HEAD & COMPANY *vs.* MURPHY *et al.*

1. That a verdict for the plaintiffs is not as large as the testimony warranted, is no ground for a new trial at the instance of the defendants.
2. There being no merit in this case, either under the law or the facts, and it appearing therefore to have been brought up for delay only, damages are awarded.

November 21, 1882

CRAWFORD, Justice.

---

## BROWN *et al. vs.* BOYNTON.

1. A defendant is in diligence bound to plead to an action at law every defence, legal or equitable, which he may have to such action. Where he can obtain ample and complete relief by equitable plea, if he fails to set up such defence, he will be concluded by the judgment; but where a new party is necessary, and full relief cannot be had at law, equity will grant relief even after judgment. 45 *Ga.*, 17; 55 *Ib.*, 630; 54 *Ib.*, 364; 56 *Ib.*, 222; 52 *Ib.*, 469.
(*a.*) Heirs at law had recovered a verdict in ejectment against one in possession of land under a void sale by an administrator of the