## HUNNICUTT *v.* THE STATE.

SIMMONS, C. J. The accused was indicted for murder. The evidence introduced by the State on the trial tended, if believed, to make out a case of murder ; while that introduced by the accused would, if credible, show complete justification ; and there was no evidence to authorize a verdict of voluntary manslaughter. When, therefore, the jury returned a verdict of voluntary manslaughter, it was error for the judge to overrule a motion for a new trial based upon the ground that the verdict was contrary to law and the evidence. *Kendrick* v. *State*, 113 *Ga*. 759.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*

Argued December 16, — Decided December 19, 1901.

Indictment for murder. Before Judge Reagan. Fayette superior court. October 28, 1901.

*H. M. Dorsey* and *W. B. Hollingsworth*, for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* contra.

---

## SHAW *v.* THE STATE.

FISH, J. 1. Under the evidence appearing in the record, there was no error in charging the law embraced in the Penal Code, § 73.

2. Inasmuch, however, as the evidence was insufficient to support a conviction of any crime greater than voluntary manslaughter, and the accused was found guilty of murder, the court erred in not granting a new trial.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*

Argued November 19, — Decided December 19, 1901.

Indictment for murder. Before Judge Falligant. Chatham superior court. September 26, 1901.

*R. L. Colding,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.