## PULLMAN COMPANY v. SCHAFFNER.

126 609
f128 144

126 609
f129 755

1. In a suit against a sleeping-car company by a passenger for loss of baggage, where it is proved that the plaintiff's baggage or articles of personal adornment were stolen while he was asleep, the burden of proof is shifted to the defendant company, and it is bound to show that it exercised reasonable diligence to prevent the loss.

2. When one of the disputed issues is as to the observance of proper care on the part of the plaintiff, testimony that he may have been negligent in a previous isolated instance is irrelevant.

3. It is the duty of a sleeping-car company to exercise reasonable care to guard the personal effects of the passenger from theft, and if through the want of that care such personal effects as a passenger may properly carry with him on his journey be stolen, the company will be liable therefor. The personal effects which a passenger may carry with him on a journey may include articles of personal adornment, such as jewels. If a piece of jewelry, suitable to be worn for the personal adornment of the passenger, becomes injured or broken during his travels, so that he can not use it in the usual way, it does not lose its character as an article which he may properly carry on his person, nor will the carrier be relieved of its duty to exercise reasonable diligence to protect the passenger in his possession of the same.

4. A defendant against whom a verdict has been returned can not complain that the verdict is for a less amount than that demanded by the evidence.

Argued May 24,— Decided November 9, 1906.

Action for damages. Before Judge Reid. City court of Atlanta. October 25, 1905.

*Dorsey, Brewster, Howell & McDaniel,* for plaintiff in error, cited 120 Ala. 581 (24 So. 921); 66 S. W. 329; 86 Ill. App. 619 (12 Am. Neg. Rep. 72); 67 How. Pr. R. 154 (21 Am. & Eng. R. Cas. 443); 106 *Ga.* 765.

*Slaton & Phillips,* contra, cited: *Ga. R.* 95/314, 810; 101/738; 106/765; 114/312; 3 Thomp. Neg. §§ 3414, 3419.

EVANS, J. An action was brought against The Pullman Company by C. E. Schaffner, who set forth in his petition the following complaint: On the night of August 23, 1903, he took passage from Augusta to Atlanta on one of the sleeping-cars of the defendant company. There was no conductor on the car, the company's only representative being a negro porter. Plaintiff went to bed in the berth assigned him about eleven o'clock, before leaving Augusta. When he awoke the next morning, he found he had been robbed of a two-karat diamond worth $300, a $20 bill, $3.65 in silver, and three razors worth $6. The razors were taken from an alligator bag which the plaintiff carried in his berth with him, and the money and the diamond were stolen from his pocket-book, which was in his clothes. The defendant company was negligent, plaintiff alleged, in not having a conductor on the car, as was customary, and in not maintaining a watch and exercising proper

precautions to prevent his being robbed while he was asleep. The defendant company filed an answer in which it made a general denial of liability. The trial having resulted in a verdict for the plaintiff, the Pullman Company made a motion for a new trial, and to the overruling of this motion exception is taken.

1. At the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit on the grounds, (1) that the plaintiff had not shown that the articles alleged to have been lost were in his possession at the time he became a passenger, or that they had ever come into the actual or constructive possession of the company; and (2) that the plaintiff had not established any fact from which negligence on the part of the company could be inferred by the jury, mere proof of loss being insufficient to create any presumption of negligence against the defendant. The court declined to grant the motion. From the plaintiff's evidence the jury could well find that after the plaintiff had provided himself with transportation and had boarded the defendant's sleeping-car for the purpose of retiring, he had upon his person and in his hand-baggage the valuables alleged to have been stolen. It is also inferable from his testimony that his valuables were taken whilst he slept. Where a loss to a passenger occurs while he is asleep in a sleeping-car, and this fact is established, the burden of proof is shifted to the defendant company, and it is bound to show that it exercised reasonable diligence to prevent the loss. *Kates* v. *Pullman Co.*, 95 *Ga.* 814. This is a rule of evidence which, as was said in the case cited, "rests upon the general and well-recognized principle that where it is peculiarly within the power of one of the parties to a case to produce evidence, he is under an obligation to do so."

2. Complaint is made that the court excluded from the testimony of the plaintiff the statement, brought out on cross-examination, that he had previously lost a diamond in Augusta, which had been found by a young lady, and that he had paid a reward for its recovery. The defendant contended that this testimony was admissible to show a habit of negligence on the part of the plaintiff. The excluded proof, even if admitted, would not have shown negligence on his part on any particular occasion, and certainly not that he was habitually negligent. Furthermore, when one of the disputed issues in a case is as to the observance of proper care on

the part of the plaintiff, evidence of his general character for prudence or recklessness is inadmissible for the purpose of illustrating his conduct upon the occasion under investigation. *Atlanta & West Pt. R. Co.* v. *Smith,* 94 *Ga.* 107. For a stronger reason, proof of the conduct of a person upon a single and isolated occasion is not admissible to establish his general character for prudence or recklessness.

3. In *Pullman Co.* v. *Hall,* 106 *Ga.* 765, this court, after a full discussion of the authorities on the subject, held that the rule of liability of sleeping-car companies to their patrons for the loss of hand-baggage was neither that of an innkeeper nor that of a common carrier of personal effects of which the passenger retains possession, but that it is the duty of a sleeping-car company to exercise reasonable care to guard the personal property of the passenger from theft, and if through the want of such care his personal effects or some of them be stolen, the company will be liable for such of the stolen valuables as the passenger might reasonably be expected to carry with him on his journey. This rule of liability was declared to be in accord with the weight of authortiy. It was earnestly contended by counsel for the plaintiff in error that under the rule of liability just stated, the verdict was contrary to the evidence, for the reason that no negligence on the part of the defendant company or of its employees was established. The evidence presented the issue whether or not reasonable diligence would require a sleeping-car company, under the circumstances of the present case, to have supplied its car with a conductor as well as a porter. The porter undertook to show that he maintained an unremitting watch over the passengers and their effects, but the fact appears from his testimony that he had duties to perform which took him to various parts of the car before he was at liberty to sit down and begin his lonely vigil; that after the passengers retired, he remained outside the car till the train departed from Augusta, and that early in the morning, after its arrival at Atlanta, his duty called him outside the car in order that he might assist passengers to safely alight with their baggage. The jury might well have found that, from personal considerations moving to the porter, this duty was conscientiously performed. Taken as a whole, the testimony of the porter warrants the conclusion that it was practically impossible for him to have maintained a constant

watch down the aisle of the car from the time the plaintiff retired up to the time he was aroused from sleep in the morning. That his pants were found lying disarranged at the foot of the berth, with their pockets rifled, and that his satchel had been moved and some of its contents were found lying on the floor of the car, afforded physical evidence which strongly tended to discredit the porter's statement that he kept up a vigilant guard throughout the entire night, yet saw no one approach the plaintiff's berth and commit the theft. That a theft had been committed of at least some of the missing valuables was fully established by the testimony of the plaintiff, and no attempt was made to impeach him. The porter may in good faith have sworn to the belief that he did not at any time during the night fall asleep; yet the jury were not bound to accept his statement without question, merely because it was not contradicted by any other witness, in view of the fact that the porter was accustomed to sleep between midnight and three in the morning, and in view of the further persuasive circumstance that no one could have committed the theft in the manner in which it was evidently accomplished, without being seen by the porter, had he maintained the strict guard which he claimed he had kept up throughout the night.

Counsel for the company further contended that even though it might be responsible for the money and razors, it was not account-able for the loss of the unset gem which the plaintiff carried in his pocket-book. The rule as to what baggage and other personal effects a sleeping-car company may become liable for, when taken into one of its cars by a passenger and retained in his custody, is the same as that which applies to carriers in general with regard to baggage with the possession of which the passenger does not actually part. 6 Cyc. 660. The personal effects which a passenger may carry with him on his journey may include jewels and other articles of personal adornment, as well as articles intended for his comfort and convenience during his journey. *Pullman Co. v. Martin*, 95 *Ga.* 314. If a piece of jewelry, suitable to be worn for his personal adornment, becomes injured or broken during his travels, so that he can not use it in the usual way, it does not lose its character as an article which he may properly carry on his person, nor will the carrier be relieved of its duty to exercise reasonable diligence to protect the passenger in his pos-

session of the same. On the other hand, it is not the right of the passenger to take with him on his journey valuable jewels, set or unset, not intended to be worn for his personal adornment, but which he carries with him for the purpose of transport, in order to save the expense of transportation in the usual course of carriage. The test is, (1) whether any particular article of value is such as the passenger may reasonably be expected to carry on his person or as part of his baggage for his comfort, convenience, or adornment, and (2) whether or not he is carrying it with him for some legitimate purpose connected with his relation to the carrier as a passenger and as an incident of the contract of carriage, and not for a purpose wholly disconnected with the journey he intends to take. If the article be such as he may with propriety take with him when he starts upon his travels, the mere fact that, before his journey is complete, it becomes unsuitable for the use intended, because of some unforeseen accident or misfortune, will not deprive him of the right to retain it in his possession while continuing the journey.

The facts of the present case disclose, that the diamond ring belonging to the plaintiff was one which he was accustomed to wear and might reasonably be expected to take with him when he left his usual place of abode; that his itinerary embraced Augusta and a number of other Southern cities; that when he discovered that the gem had become loosened from its setting, he made an unsuccessful effort to have it reset by a jeweler in Augusta, and within a few hours thereafter continued on his journey; taking the night train for Atlanta. He was under no duty to delay his journey another day, in order that he might have the ring repaired before coming to Atlanta, nor to leave the ring behind him in Augusta, so that the diamond might be reset and the ring forwarded him to some point along his route. The trial judge submitted to the jury the question whether or not, under the circumstances, the unset diamond could properly be included among the personal effects which the plaintiff was entitled to carry along with him on his journey, and the finding of the jury was in accord with the law and the evidence. A number of written requests to charge as to the liability of the company for the loss of the unset gem were submitted to the court by counsel for the defendant. In so far as these requests were pertinent, they were covered by the

general charge, which correctly stated the law bearing upon this branch of the case.

4. The plaintiff alleged that the value of the valuables lost was $329.65; the only evidence as to their value was that of the plaintiff himself, who testified they were worth fully the amount for which suit was brought; the jury returned a verdict for $291.37. Complaint is.made that the verdict is contrary to the evidence, because, if the plaintiff was entitled to recover at all, .the evidence demanded a recovery for a larger sum than that for which the verdict was returned. As was said in *Central R. Co. v. Trammell,* 114 *Ga.* 315, "We know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him."

*Judgment affirmed. All the Justices concur, except Cobb, P. J., and Atkinson, J., disqualified.*