### 12484.  McKENZIE *v.* PATTERSON.

HILL, J.  1. The allegations of the petition as amended plainly and distinctly set forth a cause of action arising from the failure of the defendant to perform her contract to pay the plaintiff for services rendered in the sale of real estate under an express contract for a definite amount.  The demurrers thereto were properly overruled.

2. The trial judge has the discretion to reopen a case after the plaintiff has announced closed, and to allow the plaintiff to introduce relevant and material evidence to avoid a nonsuit. *McColgan* v. *McKay,* 25 *Ga.* 631; *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46).

3. The evidence is sufficient to show the agency of the husband for the wife (the defendant) in making the contract with the real-estate broker (the plaintiff) for the sale of her property.  Besides, she ratified the contract and received the benefit of it.  Only slight evidence was necessary to charge her. *Akers* v. *Kirke,* 91 *Ga.* 590 (18 S. E. 366).

30

4. The plaintiff having recovered apparently less than he was entitled to under the evidence, there was no cause for granting a new trial at the instance of the defendant. *Smith* v. *Lee*, 82 *Ga.* 674 (10 S. E. 201).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 7, 1921.

Complaint; from city court of Savannah — Judge Freeman. April 29, 1921.

Patterson sued Mrs. L. McKenzie for $346.50, alleged to be " the 7-1/2 per cent. commission on the sale of a certain piece of residential property at Thunderbolt, sold for the account of the said defendant to Matthew J. and Catherine Reed for the consideration of the sum of $4,620." The defendant demurred on the following grounds: No cause of action is set forth. No privity of contract between plaintiff and defendant is shown, it being impossible to determine from the petition whether the alleged cause of action arises ex contractu or ex delicto. No contract binding the defendant to the plaintiff is set out. No written contract signed by the defendant is shown to have been made. The time of the sale is not stated. It is not stated whether the sale was made by or with the consent of the defendant. No description of the property is given. The terms of the sale are not stated. It is not stated whether the property was property of the defendant. It is not stated who made the sale. It is not stated in what way the defendant became indebted as alleged.

By amendment it was alleged: Petitioner is a duly licensed real-estate agent engaged in business as such in the city of Savannah. On October 15, 1920, Charles B. McKenzie, defendant's husband, acting as her agent, employed petitioner to sell property of the defendant, described as lots numbers 26 and 28, Fennell subdivision, Thunderbolt, Georgia, with improvements thereon. " A sales-ticket was drawn, signed by petitioner and Charles B. McKenzie, as agents for defendant. This sales-ticket contained, among other things, that the said property should be sold for the sum of $5,000, and further stipulated that commission be paid to petitioner for his services, to be 7-1/2 per cent. on the purchase-price, this being the commission rate adopted by the Real Estate Association of Savannah and now in force on all sales of improved property outside of Savannah city limits. . . Subsequent to this, the amount specified in the sales-ticket was changed, the sales-ticket was destroyed and never another made. . . Pur-

suant to the agreement above stated, petitioner found prospective purchasers in the persons of Matthew J. and Catherine Reed. Petitioner took these purchasers to the property to be sold and to the house of the defendant numerous times, and worked along between the parties to arrange all details of the sale. . . The defendant . . went out with the purchasers and showed the premises, thereby approving and confirming the actions and doings of her agent, Mr. Charles B. McKenzie as aforesaid. . . After petitioner had procured purchasers, taken them and showed the premises, taken them to the house of defendant and done all other work preliminary to the sale of said property in his capacity as real-estate agent, defendant or her agent, without notice to petitioner, on the 29th day of October, 1920, sold the said premises to the said Matthew J. and Catherine Reed for a cash consideration of $4,620, upon which sum petitioner claims commission of 7-1/2 per cent. as aforesaid, being the sum of $346.50, which sum defendant refuses to pay." After the petition had been amended, the demurrer was overruled. The trial of the case resulted in a verdict against the defendant for $173.25. The case came to the Court of Appeals on exceptions to the overruling of the demurrer, to the refusal to grant a nonsuit, to the reopening of the case in order to allow the plaintiff "to offer evidence in support of alleged agency," after he had rested his case and a motion for nonsuit had been made, and to the overruling of the defendant's motion for a new trial.

The motion for a new trial was based on the usual general grounds and on exceptions stated above, and on the following ground: "Because the court erred in admitting in evidence, over the objection of defendant, the following testimony of Mr. John J. Bouhan, to wit: 'Mr. McKenzie made several trips to my office regarding the matter. He was to meet us at Thunderbolt to see about getting some affidavits in straightening out the title. He came to my office about three times. He phoned me there several times regarding this matter. He phoned once and said, unless the matter was closed up the next day, he would call the trade off. I held up $700 of the money until the technicality could be straightened out. I had Mrs. McKenzie to give me a letter to that effect. Mrs. McKenzie signed the deeds; it was her property. She told me any transaction I had with Mr. McKen-

zie would be all right with her. I gave her a check in my office, and she immediately indorsed it over to Mr. McKenzie.' The error being that the testimony offered was transactions of a third person with the alleged agent, afterwards ratified by the defendant, and the same was not admissible in establishing the relation of agency."

*F. A. Tuten,* for plaintiff in error. *Paul Fusillo,* contra.