### 18750. LEE v. JONES.

STEPHENS, J. 1. Where, in a suit to recover an alleged balance due as salary earned by the plaintiff as a clerk in the defendant's store, there was an issue of fact as to whether, during a certain period of time, it was agreed between the plaintiff and the defendant that the plaintiff's salary should be reduced to a certain amount, the proffered testimony of a witness who had been a clerk in the defendant's store, that in the period when it was claimed by the defendant that the plaintiff's salary was reduced it was generally known and discussed that salaries everywhere had been reduced, was properly rejected, since this testimony was immaterial and irrelevant, and it did not appear that this general knowledge or discussion was known to the plaintiff.

2. In a suit to recover an amount alleged to be due the plaintiff for salary as a clerk in the defendant's store, where, after a verdict had been rendered for the plaintiff, the defendant, both in his motion for a new trial and in the brief filed by his counsel in this court, conceded, as expressed in the language of the brief, that "the real difference between the parties is whether or not the defendant in error worked at the rate of $100 per month [during a certain period], or whether her salary was reduced to $80 per month for such period as contended by the plaintiff in error," and "there was practically no other difference between the parties, as an error in the amount of one side was offset by an error on

the other," and where the plaintiff in her testimony denied that her salary was reduced, but testified that she continued to work during the period referred to for a salary of $100 per month, a verdict for the plaintiff for this difference of $20 a month for a period amounting to about 43 months would have been authorized. The jury having found for the plaintiff in an amount (namely $530.72 and accrued interest in the amount of $111.45) which is less than the jury would have been authorized to find under the plaintiff's evidence, the defendant can not complain. *Ellis* v. *United States Fertilizer Co.*, 64 *Ga.* 571; *Mullins* v. *Murphy*, 69 *Ga.* 754; *Hawley Down Draft Furnace Co.* v. *Van Winkle Gin & Machine Works*, 4 *Ga. App.* 85 (60 S. E. 1008).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 20, 1929.

*C. E. Sutton,* for plaintiff in error. *Earle Norman,* contra.