20514. LANGSTON *et al.* v. LANGSTON.

*J. G. B. Erwin, J. H. Paschall,* for plaintiffs in error.

*Joseph M. Lang,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The declaration in this case is based upon an alleged contract, and before a verdict could be rendered in favor of the plaintiff there must be some evidence to support such a contract. On the trial the plaintiff swore that R. H. Langston, who made the contract for himself and the other defendants, "was to give me five per cent. and all expenses incurred." Here was some evidence to sustain the contract, and, nothing more appearing, this would sustain a verdict for the full amount of commissions and expenses. However, there was some evidence to support the allegations of the plea that the plaintiff was indebted to the defendants for certain money advanced to him, for money loaned him, and for his part of certain expenses incurred by them. The evidence on these questions is not entirely clear. However, the settling of all disputed questions of fact is for the jury, and, having all the evidence before them, the jury reached the conclusion that the plaintiff was entitled to a verdict for $350 principal, and $24.50 interest; and this court can not say that there is no evidence to support the finding. "A verdict will not be set aside as unsupported by the evidence when the amount of it is within the range covered by the testimony, though it may not correspond with the contentions of either party." *Hawley Down Draft Furnace Co.* v. *Van Winkle Gin & Machine Works,* 4 *Ga. App.* 85 (2) (60 S. E. 1008). In this case the amount of the verdict "is within the range covered by the testimony." In *Dacy* v. *Gay,* 16 *Ga.* 203, headnote 4 is as follows: "Upon a motion for a new trial, on the ground that the verdict of the jury was erroneous, because for an *amount* which no state of facts, and no view of them could correctly sustain: Held, that if the court find by any one calculation which the evidence will plainly and reasonably authorize, whether it be the same made by the jury or not, that the finding might have been made for that amount, a new trial should not be granted." See also *Donaldson* v. *Cothran,* 60 *Ga.* 604. Plaintiff in error insists that if the plaintiff in the court

below was entitled to recover, the verdict should have been for a larger sum. That the verdict for the plaintiff is not as much as it might have been under the evidence affords the defendants no cause for complaint. *Roberts* v. *Rigden,* 81 *Ga.* 440 (2) ; *Mullins* v. *Murphy,* 69 *Ga.* 754; *Ellis* v. *U. S. Fertilizing & Chemical Co.,* 64 *Ga.* 572. See also *Lee* v. *Jones,* 39 *Ga. App.* 291 (2) (147 S. E. 118).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*