## 23353. PRESCOTT v. DARBY.

DECIDED DECEMBER 20, 1933.

*A. C. Saffold,* for plaintiff.   *B. P. Jackson,* for defendant.

SUTTON, J.   1.   This was a suit by one partner against another partner for alleged profits of $800 due plaintiff out of the partnership enterprise. The plaintiff claimed also that the defendant was due him $846 as salary, for which amount he sued in this same proceeding. The defendant filed an answer in which he admitted the partnership enterprise, but denied being indebted to the plaintiff, and set up that instead of there being any net profit from the partnership business, there was a loss of $1,600, which was borne by him, but half of which should have been borne by plaintiff. Defendant further set up that the plaintiff approached him for a job of overseeing his farm, stating that he would do so for $100 per month, and that defendant could credit the portion of the loss due

by plaintiff with $50 of this monthly salary, and defendant hired plaintiff on this basis. Defendant further set up that plaintiff worked thirteen months, and was entitled to a credit of $650 on the partnership loss, which would leave plaintiff due him $150. Defendant further set up that plaintiff was also due him $75 on a promissory note, and prayed judgment against the plaintiff for said sums. There was evidence tending to sustain the allegations of the defendant's answer. The jury returned a verdict in favor of the defendant. There being some evidence to support the verdict, and the same being approved by the trial judge, this court will not set it aside because of conflicting evidence or because of alleged insufficiency of the evidence. *Stedham* v. *Kinney*, 41 *Ga. App.* 543 (153 S. E. 610).

2. Plaintiff in error contends that the court erred in failing to charge the jury that the burden of proof was on the defendant to prove the sums claimed in the plea of set-off. The court charged the jury that the burden was on the plaintiff to make out his case as to both items sued for by a preponderance of the evidence; but as to the profits claimed from the partnership business, when such items were traced into the hands of the defendant, the burden shifted to the defendant "to make fair and just and honest explanation and accounting of those funds, and the burden is on him to show where it went, what became of it, how it was spent, and all about it," and the court immediately in this connection repeated in substance that the burden was on the defendant as to the sums claimed in the way of profits when traced into his hands. In another portion of the charge the court, in giving the contentions of the parties and instructing them on the burden of proof, said, "If he (plaintiff) fails to make out his case, he ought not to recover. If he produces evidence that is sufficient to incline your minds as fair, honest, impartial jurors, to that contention, rather than the other, he is entitled to recover, unless, having heard the defendant's side of the case, you believe the evidence altogether preponderates on Mr. Darby's side of it, in which event your verdict ought to be for Darby." The court fairly charged the jury on the question of burden of proof, and there is no merit in the exception to the charge of the court.

3. Applying the above rulings, the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*