## 24207. SAPP *v.* SAPP.

SUTTON, J. Plaintiff instituted distress proceedings for the recovery of $825 unpaid rent. Defendant, by counter-affidavit, denied that this sum was due. The trial of the issue resulted in a $350 verdict for the plaintiff. The defendant moved for a new trial, upon the general grounds only; and to the judgment overruling the motion he excepted. *Held:*

1. Where there is some competent evidence in support of a verdict, and no error of law is alleged to have been committed, this court will not disturb the judgment refusing to grant a new trial. *Prescott* v. *Darby,* 48 *Ga. App.* 143 (172 S. E. 235).

2. Plaintiff claimed a written contract with the defendant under which the defendant was due $825 rent, besides interest, and that the defendant was entitled to no credits for repairs, etc. Defendant contended that the lands were rented for $300, that certain repairs to the demised premises had been made, the cost of which he was entitled to credit on the rent account, and further that he had paid off a judgment against plaintiff, he being surety on a certain bond for the plaintiff, which sum the plaintiff owed him. Plaintiff also claimed that she had settled with the defendant for the judgment paid by him. The verdict was for $350, and the defendant contends that, under the facts of this case, the jury could not, by means of any correct mathematical calculations, allowing or disallowing credits claimed by the defendant, have arrived at the exact figure of the verdict; that if the jury believed the contentions of the plaintiff as to the rent contract, the verdict would have had to be for more than $350, even allowing the credits for repairs, and that therefore the verdict was contrary to the evidence and should be set aside and a new trial granted defendant. This contention is without merit. *Cooper* v. *Bowen,* 140 *Ga.* 45 (3) (78 S. E. 413); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300, 310 (62 S. E. 198); *Pullman Co.* v. *Schaffner,* 126 *Ga.* 609 (4) (55 S. E. 933, 9 L. R. A. (N. S.) 407); *Empire State Dev. Co.* v. *Coggins,* 47 *Ga. App.* 786 (3) (171 S. E. 576), and cit.; *Smith* v. *Turnipseed,* 44 *Ga. App.* 220 (4) (160 S. E. 877); *Langston* v. *Langston,* 42 *Ga. App.* 143, 146 (155 S. E. 494), and cit.; *Lee* v. *Jones,* 39 *Ga. App.* 291 (147 S. E. 118).

(a) This ruling is not in conflict with the decision in *Milner* v. *Tyler,* 9 *Ga. App.* 660 (71 S. E. 1123), or in *O'Quinn* v. *Edmondson,* 28 *Ga. App.* 351 (3) (111 S. E. 583). Nor is it contrary to *Mills Lumber Co.* v. *Pine Plume Lumber Co.,* 48 *Ga. App.* 368 (172 S. E. 757), where the undisputed evidence showed that plaintiff was not entitled to recover.

3. Under the facts of this case, this court does not feel constrained to

exercise its discretion and assess damages against the defendant for bringing up the case for delay, as provided in section 6213 of the Civil Code of 1910.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934.

*J. H. Milner,* for plaintiff in error. *Smith & Ross,* contra.