DAVIDSON *v.* TURNER.

No. 13390. NOVEMBER 16, 1940.

*Morrow & Bruce* and *Wyatt & Morgan,* for plaintiff in error.
*Duke Davis* and *Lovejoy & Mayer,* contra.

REID, Chief Justice. This case makes its third appearance in this court. *Turner v. Davidson,* 183 *Ga.* 404 (188 S. E. 828); 188 *Ga.* 736 (4 S. E. 2d, 814, 125 A. L. R. 401). Turner instituted suit against Davidson and the New York Life Insurance Company. He alleged substantially the following facts: In February, 1927, the insurance company issued a policy in the sum of $1000 on his life, which contained provisions for the payment of $10 per month for total and permanent disability, and for waiver of premiums in such event. When the policy was delivered to him by the agent of the insurance company, he was unable to pay the first premium; whereupon Davidson, his employer, agreed to and did actually pay the premium, and with the consent of plaintiff the policy was delivered to Davidson until he should be reimbursed for the premium so advanced. Approximately one year after the issuance of the policy the plaintiff was stricken blind, and within the meaning of the terms of the policy became totally and permanently

disabled. Upon the approval by the insurance company of his proof of total disability he agreed that the monthly payments should be made to Davidson until the indebtedness due to him, including the premium advanced, was satisfied, which was not more than $249.50. The insurance company had paid to Davidson up to the time of the suit $740, besides certain dividends, which sum is greatly in excess of the amount of plaintiff's obligation to Davidson. He has demanded of Davidson possession of the policy and payment of the sum collected in excess of the amount of said premium and indebtedness. Davidson refused this demand. The plaintiff is informed and believes that Davidson holds an assignment of said policy, purporting to be executed by him; and that if said assignment exists, it is a forgery and not the act and deed of plaintiff. The prayers were for a judgment against Davidson in the amount received in excess of the indebtedness mentioned above; that the assignment be delivered up and canceled; and that the insurance company be enjoined from paying any further benefits to Davidson. The answer by Davidson set up an assignment of the policy to him, executed by the plaintiff, and claimed the entire right, title, and interest in the policy and the benefits paid thereunder. Since the filing of suit the insurance company has retained all payments falling due under the policy. By amendment Davidson alleged that he had an insurable interest in the life of the plaintiff, and that the plaintiff was indebted to him in the sum of $1151.17, besides interest; and he prayed judgment therefor. On the last trial the verdict was: "We, the jury, find for the plaintiff, and also find that the debt of the defendant and the plaintiff offset each other." Davidson excepted to the overruling of his motion for new trial.

■ The general grounds of the motion are insisted on. We have no difficulty, however, in upholding the verdict, under the former ruling by this court. Two verdicts in favor of the defendant have been reversed by this court on the ground, substantially, that the evidence demanded a verdict in favor of the plaintiff. The jury was authorized to find that the policy of insurance was delivered or assigned by the plaintiff to Davidson merely as collateral security for the repayment of certain indebtedness, and that Davidson had received sufficient payments to satisfy his claim. The jury was also authorized to find, even though the policy was assigned by the plaintiff to the defendant with the intent to vest in him all

right, title, and interest in the policy, and not merely as collateral security, that nevertheless the defendant had no insurable interest in the life of the plaintiff; and that since the assignment was based merely on payment of premium, it constituted as to the defendant a gaming contract, with no right in him to recover the proceeds of the policy under the disability clause.

■ It is insisted that a new trial should be granted, because the verdict does not cover the issues made by the pleadings, because it does not conform to and was not authorized under the charge given by the court, and because it is so ambiguous that it could not serve as a basis for a judgment or decree. These complaints are directed to that part of the verdict wherein the jury found "that the debts of defendant and plaintiff offset each other." "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. "Where a verdict may, by a reasonable construction, be understood, and a legal judgment can be entered thereon, it is sufficient." *Williams* v. *Brown,* 57 *Ga.* 304 (4). The verdict, properly construed, simply means that the defendant did not, as contended by him, have absolute title to the policy of insurance, and that the amount already collected by him under the policy and the amount of premiums, advances, etc., made by defendant to plaintiff, counterbalanced, so that neither party was entitled to a money judgment against the other on their respective claims. This finding conforms to the issues made as well as to the charge of the court.

The defendant points out that he had collected $775.24, under the policy; that he claimed that the plaintiff was indebted to him approximately $1200; and that the plaintiff admitted that he was indebted to the extent of $249.50. It is insisted that the finding of the jury that the debts of the parties offset each other is not warranted, for the reason that no combination of the above figures would lead to such conclusion. The defendant's claim against the plaintiff was in the form of an account containing many items, some of which were not clearly proved. While it may be true that under the evidence it can not be demonstrated to a mathematical certainty that the plaintiff's indebtedness to the defendant was the exact sum of $775.24 the amount he had collected under the policy, as found by the jury, this finding was nevertheless within the range of the

evidence, and this court will not reverse the judgment refusing a new trial. See *Langston* v. *Langston,* 42 *Ga. App.* 143 (155 S. E. 494) ; *Dacy* v. *Gay,* 16 *Ga.* 203; *Donaldson* v. *Cothran,* 60 *Ga.* 604. Judgment affirmed. All the Justices concur.