JOHNS *v.* LEAGUE, DUVALL & POWELL INC.

No. 15937.   OCTOBER 24, 1947.

*William P. Congdon,* for plaintiff in error.
*Cumming, Nixon & Eve,* contra.

BELL, Justice. ■ The defendant (now plaintiff in error) contends that the plaintiff was confined by its allegations to recovery upon an express contract, that the evidence did not disclose any middle or intermediate ground as to the amount sued for, and that, under the pleadings, evidence, and charge of the court, if the jury believed the evidence for the plaintiff, they should have found in his favor for the full amount sued for, while if they believed the evidence for the defendant, they should have returned a verdict entirely in his favor. Assuming that this is a correct view of the case as presented by the record, we cannot agree that the judgment should be reversed for the reasons thus urged.

In *Roberts* v. *Rigden,* 81 *Ga.* 440 (2), 443, 444 (7 S. E. 742), it was said: "The verdict was for less than it might have been, and the motion for a new trial suggests that it should have been more or nothing. That it was for something shows that the jury believed the facts were so far with the plaintiff as to entitle him to maintain his action. The defendant certainly has no right to a new trial because the verdict was too small." That case cannot reasonably be distinguished from the instant case, in view of the facts upon which the court actually put its decision. See the statement of facts *in* the opinion. Also the portion of the decision here quoted shows the defendant contended that the verdict should have been for *more or nothing,* and it was upon this contention that the court made the ruling that the defendant had no right to complain. Similar statements have been made in other decisions of this court, and also in decisions of the Court of Appeals. Perhaps some of the decisions to this effect may be distinguished by their facts, in that the amount in controversy in each of them was unliquidated, so to speak, and the sum awarded by the verdict

was therefore within the range of the evidence considered as a whole. However, it is unnecessary to refer to specific cases of the latter class, as we think that there are several earlier decisions of this court which cannot be distinguished *on principle* from the instant case and which are controlling. According to our view, the following, in addition to *Roberts* v. *Rigden,* supra, cannot be so distinguished: *Ellis* v. *United States Fertilizing &c. Co.,* 64 *Ga.* 571 (1); *Central of Ga. Ry. Co.* v. *Trammell,* 114 *Ga.* 312 (3), 315 (40 S. E. 259); *Strickland* v. *Hutchinson,* 123 *Ga.* 396 (3) (51 S. E. 348), *cross-action; Pullman Co.* v. *Shaffner,* 126 *Ga.* 609 (4) (55 S. E. 933, 9 L. R. A. (N. S.) 407); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (11) (62 S. E. 198).

In *Central of Ga. Ry. Co.* v. *Trammell,* supra, it was said: "Complaint is further made in the motion for a new trial that the verdict is contrary to evidence, because, if the plaintiffs were entitled to recover at all, the evidence demanded a finding for a larger sum than that for which the verdict was rendered. We know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him." While that was a suit for unliquidated damages, the decision shows plainly that this fact did not enter in any way whatever into the ruling of the court as above quoted. In the *Dolvin* case, the rule was stated as follows: "A defendant against whom a verdict has been returned can not complain that the verdict is for a less amount than that which the plaintiff was entitled to recover if entitled to recover at all.". That was a suit upon a note, for principal, interest, and attorney's fees. The jury found in favor of the plaintiff "for amount sued upon, without interest or attorney's fees." While the decision dealt with several other questions, the ruling just quoted was clearly based upon the theory that, while the jury *should have found* for interest and attorney's fees if they believed that the plaintiff was entitled to recover at all, their failure to return a verdict for these items was not a matter of which the defendant could complain. All of the other decisions above cited went upon the same theory, either according to the facts as they actually existed, or as they were construed or assumed to be for the purpose of decision. Four of these six decisions were concurred in by all the Justices, and in our opinion they are controlling as applied to the contentions above stated.

The facts in the record of a case may not always furnish a sufficient basis for distinguishing it from another case in determining whether it is or is not a binding precedent; for a decision is to be treated as a precedent, not on what might have been the true facts in the case, but rather on the facts as the court construed or assumed them to be for the purpose of decision. *Jones* v. *Dean,* 188 *Ga.* 319 (2), 326 (3 S. E. 2d, 894); *Lumbermen's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397, 401 (24 S. E. 2d, 309).

For the reasons stated, there is no merit in the contention that the verdict was contrary to the evidence and without evidence to support it. It may be further stated, however, that there are also several decisions by the Court of Appeals which we believe cannot on principle be distinguished from the present case: *Jones & Phillips* v. *Patrick,* 11 *Ga. App.* 67 (74 S. E. 700); *Crowley* v. *McCracken,* 11 *Ga. App.* 69 (74 S. E. 701); *Groover* v. *Hardeman,* 21 *Ga. App.* 661 (94 S. E. 812); *O'Quinn* v. *Edmondson,* 28 *Ga. App.* 351 (3) (111 S. E. 583); *Lee* v. *Jones,* 39 *Ga. App.* 291 (2) (147 S. E. 118); *Sapp* v. *Sapp,* 50 *Ga. App.* 145 (2) (.177 S. E. 265); *Lokey* v. *Malcom,* 53 *Ga. App.* 434 (2) (186 S. E. 448).

While these decisions of the Court of Appeals are not binding as authority upon this court, as are our own unanimous decisions, yet they together with our own decisions show what has been regarded as the settled law of this State, for more than half a century, the *Ellis* case, 64 *Ga.* 571 (1), supra, having been decided in 1880.

The problem here presented might be dealt with differently in some other jurisdictions. Compare Stetson *v.* Stindt, 279 Fed. 209 (23 A. L. R. 302). Be that as it may, we are, as we have just indicated, bound to follow our own decisions, provided they are in point, and were concurred in by all the Justices, unless and until they are overruled in the manner prescribed by law. Code, § 6-1611.

We recognize that a different rule has been applied in criminal cases, as where a defendant has been convicted of voluntary manslaughter, and the evidence for the State authorized a verdict for murder only, while the evidence for the defendant if believed would have required an acquittal. *Robinson* v. *State,* 109 *Ga.* 506 (1) (34 S. E. 1017); *Hunnicutt* v. *State,* 114 *Ga.* 448 (40 S. E. 243). But in that class of cases, the evidence must show that the defendant is guilty of a specific offense within the charge contained

in the indictment before he can be convicted of any offense or be given punishment as prescribed by any statute; and there may be other important reasons for a different rule in criminal cases, where personal liberty is involved.

Really, it would seem that the rule laid down by this court in civil cases does not mean that a verdict for an intermediate sum is unauthorized as to the defendant, but is harmless error—for as to him it is not only authorized, but more than authorized as to amount. Accordingly, there is nothing against which he can lodge even a technical complaint; although as to the *plaintiff* such a verdict would be unauthorized, and therefore he could complain. *Milner* v. *Tyler*, 9 *Ga. App.* 659 (3), 661 (71 S. E. 1123). So, it is not so much a matter of harmless error, as related to the defendant, as that there is no error at all in so far as he is concerned.

If it should be thought that the verdict in this case would show upon its face that it was based upon an improper compromise by the jury, let it be recalled that verdicts should be given a reasonable intendment or construction, and should not be avoided unless from necessity (Code, § 110-105); and it would seem more reasonable to conclude that the jury actually found in favor of liability as contended by the plaintiff, but, for some erroneous or mistaken idea as to their right to value the plaintiff's services, did not award to him the full amount sued for, rather than to say that some of them, though finding in favor of the plaintiff as to liability, agreed arbitrarily to slice his recovery, while others agreed to hold the defendant liable for some amount, though believing at the same time that, under the evidence, he was not liable at all. The verdict does not show upon its face that the jurors thus wilfully violated their oaths of office; and certainly it should not be set aside upon such ground, "unless from necessity." It is to be presumed *prima facie* that the jurors acted in good faith as to every issue, and furthermore, it appears in this case that they may have been led by a portion of the judge's charge to believe that they had the right to determine the value of the plaintiff's services. See the portion of the charge last quoted in the statement of facts, supra.

It was also contended that the verdict was contrary to the following portion of the judge's charge: "Gentlemen of the jury, it will be 5 percent commission if he is entitled to recover."

This ground of the motion for a new trial is controlled by what has been said above as to the contention, variously presented, that the verdict was contrary to the law, and the evidence, and without evidence to support it. *While* v. *Lee,* 40 *Ga.* 266 (1); *Chambers & Co.* v. *Walker,* 80 *Ga.* 642 (4) (6 S. E. 165).

■ Special ground 9, complaining of the admission of testimony, has been quoted verbatim in the statement of facts. It will be observed that—although the movant alleged that the witness was permitted to testify over objections of the defendant from a written memorandum which the witness had not himself made, the same being an unsigned printed form, and then, after quoting such printed form, concluded this ground by a statement that the evidence was inadmissible for certain reasons—such allegations as to reasons why the evidence was inadmissible did not amount to a statement as to what objections were made by the defendant at the time the testimony was offered, and the motion does not otherwise state what the objections were. In *Henslee* v. *Harper,* 148 *Ga.* 621 (1) (97 S. E. 667), it was held: "Assignments of error upon the admission of evidence, in order to avail the plaintiff in error here, must show, not only in what respects the evidence admitted was objectionable, but that this objection was urged at the time of the admission of the evidence; and it is not sufficient in a ground of a motion for a new trial to state that the court committed error 'in admitting in evidence, over objection of movants,' certain specified evidence, and then, after stating the evidence admitted, to allege that it was error to admit this evidence because it was incompetent for certain specified reasons. Such a recital in a ground of a motion for a new trial does not show that the ground upon which the evidence was objectionable was urged at the time the evidence was offered." Accordingly, there is no merit in ground 9. Furthermore, under the facts of the case, we do not think that the admission of this evidence could have resulted in any harm to the defendant.

None of the grounds of the motion for a new trial show cause for a reversal.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*

ATKINSON, Justice, dissenting. While it is the duty of this court to construe pleadings and evidence in the most favorable light and

most strongly to sustain a verdict, yet the fundamental rules of pleading and evidence must be followed.

Construing the petition in the instant case, the pertinent portions being set forth in the above statement of facts, it seems clear that the petition sought a recovery only upon an express contract; and I do not think that, by any reasonable construction, it attempts to set forth an implied contract upon which a recovery on a quantum meruit would be authorized.

Neither is there any evidence in the record that even tends to prove any implied contractual relationship. All of the evidence of the plaintiff in the court below relates to the establishment of an express contract, in that the plaintiff corporation procured a purchaser ready, willing, and able to pay $35,000 for the property; and that it was to receive 5 percent thereof as commissions.

The suit being predicated upon an alleged express contract, and there being no allegation or evidence tending to establish an implied contract, or any charge of the court upon which a verdict based on a quantum meruit would be authorized—the only legal verdict that could be returned was one for the plaintiff for the amount sued for, or else a verdict for the defendant. *Baldwin* v. *Lessner,* 8 *Ga.* 71; *Frierson* v. *Fincher,* 134 *Ga.* 113 (67 S. E. 541); *Haygood* v. *Perkins,* 142 *Ga.* 168 (82 S. E. 544); *Sylvania & Girard R. Co.* v. *Sylvania Lumber Co.,* 8 *Ga. App.* 656 (70 S. E. 51); *Walker* v. *O'Neal,* 21 *Ga. App.* 563 (94 S. E. 835); *Alford* v. *Davis,* 21 *Ga. App.* 820 (4 c) (95 S. E. 313); *Shropshire* v. *Heard,* 27 *Ga. App.* 256 (107 S. E. 892); *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220); *Graham* v. *Jones,* 39 *Ga. App.* 610 (147 S. E. 902); *Blackston* v. *Durant,* 65 *Ga. App.* 86 (15 S. E. 2d, 261); Stetson *v.* Stindt, 279 Fed. 209 (23 A. L. R. 302).

The rules of pleadings may, at times, seem technical, but such technicalities are to the law what nails are to a building—they both hold the structure together.

The verdict is not made valid by a portion of the judge's charge, even though no exceptions were filed thereto. In the latter part of the charge it is said: "If you find that the plaintiff has made out his case, . . . then your verdict would be for the plaintiff in such an amount as you believe he is entitled to from the evidence." The court had previously charged that the plaintiff was suing for commissions on $35,000, and that "it will be five percent com-

missions if he is entitled to recover." This specific instruction as to the amount, if any, to be recovered, was not modified by the general statement, first above quoted, so as to authorize the jury to find a verdict other than five percent of $35,000.

Attention has been called to certain cases which have stated that the fact that a verdict for the plaintiff is not as large as the testimony warranted is no ground for a new trial at the instance of the defendant. See *Ellis* v. *United States Fertilizing &c. Co.,* 64 *Ga.* 571 (1); *Mullins, Head & Co.* v. *Murphy,* 69 *Ga.* 754; *Schaefer* v. *Knott,* 69 *Ga.* 772; *Roberts* v. *Rigden,* 81 *Ga.* 440 (2); *Smith* v. *Lee & Co.,* 82 *Ga.* 674; *Pullman Co.* v. *Schaffner,* 126 *Ga.* 609 (4); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (11); *McKenzie* v. *Patterson,* 27 *Ga. App.* 465 (4) (109 S. E. 174).

While such statement is applicable to many cases and is either made or applied in each of those listed above, yet it is not a rule of such general application as to cover every instance. None of these cases contains the identical question here presented, or holds that a verdict for a less amount would be valid, and a new trial not be granted, where there was no pleading or evidence to authorize it, and the verdict was contrary to the charge of the court. To give unlimited application to such statement, would present grave consequences. To illustrate: Suppose a suit upon a promissory note for a stated amount, or a suit in ejectment for a described tract of land, was filed, and the sole defense as to the note was non est factum, and as to the ejectment suit that the deed relied upon by the plaintiff was a forgery; I do not think that the defendant would be precluded from complaining if the verdict of the jury was one-half of the amount sued for on the note, or the verdict in the ejectment case should be for a one-half interest in the land.

The verdict in the present case is unsupported by pleading or evidence and is contrary to the charge of the court. It is not correct to say that the defendant cannot complain, or that he was not injured. He was deprived of his right as a litigant to have the question of liability, or no liability, determined by the jury under the petition, evidence, and charge of the court. He was either liable for the entire amount, or for nothing; but the jury declined to determine that question, and rendered a verdict which was untrue and unauthorized.