## 42479. HATCHER v. SPAETH.

DEEN, Judge. The plaintiff Spaeth sued on an oral contract for prize money, alleging that he earned his living as a billiard player; that Hatcher and others induced him to enter a tournament on the understanding that the first prize winner woud be awarded $2,500 and the second prize winner $1,500; that plaintiff thereupon came to Columbus to participate in the tournament; that he won first prize in one event and second prize in another, for which he was paid only $1,500, and that the defendants accordingly owe him $2,500. On the trial of the case the jury found for the plaintiff in the sum of $1,000. The defendant contends that the verdict and judgment are void for the reason that he is suing on an express contract and is entitled to $2,500 or nothing. *Held:*

The plaintiff's testimony may be reasonably construed as an admission that he understood, after arriving in Columbus but before participating in the tournament, that the prizes originally mentioned could not be awarded because gate receipts did not measure up to expectations. A day before the tournament, according to the plaintiff's testimony, he was told by the defendant that they would have to cut the prize money or else refund expenses of participants and call off the match. The plaintiff further testified that, about five

minutes before the last match was called, the defendant told him the first prize would have to be cut to $800; that he refused to play; that the defendant then offered him an additional $200 and he went ahead and played, winning the match; that he was paid the $1,000 agreed on for that match, and was paid $500 of the agreed $1,500 for placing second in another match. From this testimony the jury could have found that, as to the first prize money, there was an accord and satisfaction, and then have awarded the $1,000 to apply to the agreement for second prize money. There is accordingly some evidence to support the verdict in the amount rendered. Nor can the defendant obtain a reversal on the ground that the plaintiff, if entitled to recover at all, should have received a larger amount than awarded. *Johns v. League, Duvall & Powell,* 202 Ga. 868 (45 SE2d 211, 174 ALR 757).

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 9, 1967—DECIDED JANUARY 25, 1967.

*Ray, Owens, Keil & Hirsch, Milton Hirsch,* for appellant.
*Roberts & Thornton, Jack M. Thornton,* for appellee.