## 33124.   MABRY *v.* HOLCOMB.

Decided June 28, 1950.

*Marvin G. Russell, Turner Paschal,* for plaintiff in error.
*John H. Hudson, J. Walter LeCraw,* contra.

TOWNSEND, J. (After stating the foregoing facts):

The court, after charging the jury under what circumstances a verdict might be returned for the plaintiff, then charged that under these circumstances "the plaintiff Holcomb would be entitled to a judgment against the defendant Mabry in the sum of that portion of the amount obtained by the defendant from such sale . . less any amount the plaintiff may have received to apply on his interest, whether received from the defendant or Hardy." This charge was authorized by evidence that Hardy had given the plaintiff's attorney a promissory note for $2500, and that two $50 payments had been made thereon. The defendant in his special ground of the amended motion for a new trial sets out this charge, and then complains of the court's failure to charge in this connection as to the law and effect of the promissory note, contending that it limited the amount to be credited toward the plaintiff's recovery to a credit of only the amount of money paid with no explanation or charge on the effect of the note itself.

This assignment of error does not set out fully and distinctly what error is complained of in that there is no attempt to set out what the "law and effect" of the promissory note would be, and it is not clear what principle of law is alleged to have been omitted from the charge. See, in this connection, *Trammell v. Shirley,* 38 *Ga. App.* 710, at page 723 (145 S. E. 486); *Hudson v. State,* 26 *Ga. App.* 596 (4) (107 S. E. 94); *Rice v. State,* 50

*Ga. App.* 192 (1) (177 S. E. 278); *Norris* v. *State*, 184 *Ga. App.* 397 (1) (191 S. E. 375). However, and without passing upon the validity of this assignment of error, we note that the applicable principle of law involved, as set out in *Stokes* v. *Walker*, 21 *Ga. App.* 630 (2) (94 S. E. 841) is as follows: "Promissory notes are not payment until themselves paid, in the absence of an express agreement to the contrary." There is no evidence here that any part of the note except for $100 was paid, and there is further evidence that the note was received by the plaintiff's attorney in his absence and that the plaintiff, on learning about it, expressed his dissatisfaction therewith. Consequently, there is not only no evidence that the plaintiff received the note as payment of the debt, but there is circumstantial evidence to the effect that he did not do so. This being the case, a failure to charge that the note was not payment was not error, and was an omission favorable to the defendant. This assignment of error is without merit.

■ As appears from the statement of facts herein, there was sufficient competent evidence to warrant a finding by the jury that the defendant knew at the time he received the bill of sale to the equipment from Hardy that Hardy had previously conveyed a half interest in the same equipment to the plaintiff. There is also evidence that in selling the same, the defendant acted pursuant to agreements between Hardy and himself and between the plaintiff and himself, and agreed to use the proceeds for the dual purpose of reimbursing the plaintiff and recouping Hardy's indebtedness to him. The evidence is therefore ample to establish the liability of the defendant. It is contended, however, that if the defendant is liable, such liability is for the total amount of $2100, based on the plaintiff's testimony that after deducting credits this represented his approximate interest in the machine, and that there is in the record no competent evidence upon which the jury could have based its verdict in the amount of $1050; that such verdict is therefore without evidence to support it and should be reversed on the general grounds.

A thorough discussion of this point is to be found in *Johns* v. *League, Duvall & Powell Inc.*, 202 *Ga.* 868 (1) (supra). It was there decided, after a thorough review of the applicable precedents in this State, that it is never a ground for complaint on the

part of the defendant that the amount of the verdict is less than that which the plaintiff is entitled to recover. Even though there is no evidence to support a verdict for the amount rendered, there is evidence as to the liability from which the verdict may be sustained, and, this being so, the paucity of the verdict is favorable to the defendant and he cannot complain thereof.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*