33305. TYNER & BLACKMON *v.* FRYER TRUCK & TRACTOR CO.

-Decided March 1, 1951.

*George C. Kennedy,* for plaintiff.

*Swift, Pease, Davidson & Chapman,* for defendant.

MacIntyre, P. J.  The controlling question in this case is whether the relationship of bailor and bailee existed between the plaintiff and the defendant at the time the plaintiff's funeral car was wrecked and damaged.  "A bailment is a delivery of goods or property for the execution of a special object, beneficial to the bailor or bailee, or both; and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust."  Code, § 12-101.  Bruce Gilbert, a driver for the plaintiff, testified:  "I took the

funeral car [upon order from the plaintiff] out to their [the defendant's] garage and turned it over [delivered it] to the master mechanic to make repairs and adjustments. He [the master mechanic] worked on it and asked me to drive the car out and test it. I drove and he listened to see what was wrong." Nothing more appearing, this evidence alone established the existence of the relationship of bailor and bailee between the parties. The defendant was a bailee for hire. The plaintiff delivered the funeral car to the defendant for the purpose of having the defendant make the necessary repairs upon it. The defendant's master mechanic accepted delivery of the car and began the repairs for which the plaintiff was at least impliedly obligated to pay. The defendant's engagement was to make the repairs and redeliver the funeral car to the plaintiff, or its agent, upon completion of the work. Code, § 12-203; *Parker Motor Co.* v. *Spiegal*, 33 *Ga. App.* 795 (127 S. E. 797). We take it that counsel for the defendant does not contend that, at this point of time in the chronology of the transaction between the plaintiff and the defendant, the relationship of bailor and bailee did not exist, upon the ground that the defendant's possession of the automobile was not exclusive; for, nothing more appearing, when the mechanic began the repairs and bestowing his labor thereon, the defendant had a lien on the car such that its possession of it was exclusive even against the owner. Code, § 12-710; *Frost Motor Co.* v. *Pierce*, 72 *Ga. App.* 447, 451 (33 S. E. 2d, 910). The question narrows, therefore, to whether or not the bailor-bailee relationship between the plaintiff and the defendant *had terminated* at the time of the wreck, and there is not a question of whether the relationship of bailor and bailee ever existed between the plaintiff and the defendant. Bruce Gilbert, the plaintiff's driver, so far as appears from the evidence, was not sent by the plaintiff to assist in any manner in making the repairs. The repair work was the special object of the bailment and the engagement of the defendant. It does not appear that Gilbert's services as a driver constituted any part of the bailment, nor does it appear from the evidence that the bailment in this case was of the nature of that contemplated by Code § 12-203, which provides: "If the bailor sends his own agents with the thing bailed, as a driver for his horse, then

the hirer is bound either to the bailor or to third persons, only for the consequences of his own directions and for gross neglect." This Code section contemplates those instances where the contract of hire includes the services of a servant or agent of the owner of the property, and such servant or agent remains in the immediate control of the property, subject to the orders of the hirer; and, in a strict sense, the bailor-bailee relationship arises between the hirer and the owner only when the hirer, by his orders, assumes immediate control of the property, as, for example, where one hires a team to perform certain work and the owner sends his own driver. Weller & Co. v. Camp, 169 Ala. 275 (52 So. 929).

In the instant case, the bailment had either terminated by the mechanic's delivery of the property to the plaintiff's driver, and the mechanic was performing a voluntary service to the driver and the plaintiff in riding with the driver, or the mechanic had not completed the repairs, had not redelivered the funeral car to the driver Gilbert, and, whether he had authority to do so or not, had enlisted Gilbert's aid as an individual to assist him, in checking the effectiveness of his repairs and determining whether further adjustments were necessary to be made, by driving the car. Upon each of these points the evidence was in sharp conflict, and the court should have left it for the jury to determine, under proper instructions, whether in fact the relationship of bailor and bailee still existed between the plaintiff and the defendant. If in fact the bailor-bailee relationship still existed, and the mechanic enlisted Gilbert's aid to drive the car while he checked his work or made further adjustments, the jury would have been authorized to find that Gilbert drove the car in pursuance of the defendant's business and not as the agent or employee of the plaintiff; and, under such circumstances, it would have been a question for the jury whether the mechanic was in the exercise of ordinary care in directing Gilbert's driving at the time and place in question. It follows that the trial court erred in directing the verdict for the defendant and in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*