## 39094. LEE v. CREATY.

DECIDED SEPTEMBER 22, 1961.

J. *Sidney Lanier*, for plaintiff in error.

*Charles E. Walker, G. W. Jessee*, contra.

NICHOLS, Judge. The defendant, in his answer, admitted that the vehicle was delivered to him for a "tune-up" on November 3, 1958, and the evidence disclosed that the automobile was in his possession on two occasions, once to have new carburetors of a different design installed, and once to have the new carburetors adjusted. Therefore a finding was authorized that the second delivery took place on November 3, 1958.

The delivery was shown, the damage was shown, and since the burden was on the defendant (a bailee for hire), at this juncture to show proper diligence (*Code* § 12-104; *Wynn v. Johns*, 97 Ga. App. 605, 104 SE2d 150), and the evidence not demanding a verdict that proper diligence had been exercised, it cannot be said that a verdict for the plaintiff was not authorized.

In support of his motion for new trial the defendant contends that the amount of the verdict was so at variance with the evidence that a new trial should be granted. The plaintiff, the only witness who testified as to the value of the automobile, testified that the automobile had a fair market value of $2,200 at the time it was delivered to the defendant and after the wreck it had a fair market value of only $800, a difference of $1,400. The verdict was for $1,000. "'A defendant against whom a verdict has been returned cannot complain that the verdict is for a less amount than that which the plaintiff was entitled to recover if entitled to recover at all.' *Johns v. League, Duvall & Powell, Inc.*, 202 Ga. 868 (1) (45 SE2d 211, 174 ALR 757)." *Mabry v. Holcomb*, 82 Ga. App. 1 (2) (60 SE2d 411).

The verdict for the plaintiff was authorized by the evidence and the judgment overruling the defendant's motion for new trial was not error for any reason assigned.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*