50533. STOVALL TIRE & MARINE, INC. v. FOWLER.

QUILLIAN, Judge.

In the fall of 1971 plaintiff requested defendant to install a reconditioned engine in his 18-foot Chris-Craft boat. Defendant performed the work and returned the

boat to plaintiff in April 1972. Plaintiff hired a trailer to haul the boat to Lake Lanier. The engine would not run satisfactorily and the boat was returned to defendant's place of business in DeKalb County. Approximately three weeks later, "the latter part of May," the boat was returned to plaintiff and he again transferred it to Lake Lanier. The engine ran approximately 400 yards and plaintiff had to be towed ashore. The next week plaintiff contacted Mr. Ben Beard, chief mechanic for defendant, the person who had performed the earlier work on the boat. Beard told plaintiff to take the boat to Aqualand at Lake Lanier where Stovall had leased a slip, "until he could get up there and work on it. He said he would go up there and do the repairs at Lanier, rather than bring it back to Atlanta." Plaintiff placed his boat in defendant's slip at the Aqualand pier and secured it with four lines, one each to the bow and stern — on both sides. Plaintiff testified that after leaving the boat where he had been directed, he told "Mr. Stovall that the boat was there and it was ready for them to get up there and work on it. . . I contacted Mr. Stovall at least twice to ask him if the boat had been repaired. . . I went back to Stovall about the middle of July and asked him if the boat had been repaired and . . . he told me that the boat had been sunk." A severe storm occurred at Lake Lanier on July 4, 1972. A "Day Cruiser" had been placed in the defendant's slip with plaintiff's "runabout." During the storm the lines securing the cruiser "parted" and the "stern of the cruiser rode up on and hit the stern of the mahogany [plaintiff's boat] . . ." The plaintiff's boat was afloat the next day but sank later in the week. The cruiser departed during the latter part of the week and was never identified. Defendant denied that his chief mechanic had any authority to direct plaintiff to leave his boat in the defendant's slip at Lake Lanier. Defendant further denied that he knew plaintiff's boat was in his slip until after it sank.

At trial, and here on appeal, defendant has asserted that there was no bailment and the cause of the damage to plaintiff's boat was an "Act of God." The case was tried before a judge without a jury and he gave judgment for plaintiff. Defendant appeals. *Held:*

1. The issues of whether the evidence proved: (a) the defendant's agent did not exceed his authority (*Weathers Bros. Transfer Co. v. Jarrell,* 72 Ga. App. 317 (12) (33 SE2d 805)); (b) a bailment was created (*Tyner & Blackmon v. Fryer Truck & Tractor Co.,* 83 Ga. App. 393 (63 SE2d 695)); and defendant's acts amounted to negligence, were for determination by the trier of fact, in this instance — the judge. *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123 (3) (173 SE2d 120). There is sufficient evidence of record to support each of those determinations.

2. Appellant contends the trial court failed to recognize and apply the "Act of God" defense. For a bailee to avail himself of an "Act of God" defense he must establish that his own negligence did not contribute to the damage or loss. Code § 12-106. The trial court advised the defendant "[t]he boat was bailed to Stovall and Stovall was to make repairs and the plaintiff has testified that the repairs were not made. . . Nothing was done from the last of May until some time in July when he called up and asked about his boat. . . And as far as the Court is concerned, in order to show due diligence, there's going to have to be some testimony to show that Mr. Beard within a very brief time went up there to see that the boat was properly stored or tied up or whatever you do with boats, and that periodic checks were made to see that the bailed property was there and in good condition . . . to see if it was being looked after or cared for properly . . . where they told me to take it, then they're not using due diligence."

The court correctly applied the rule that in cases of bailment, after proof of loss the burden of proof is on the bailee to show proper diligence. Code § 12-104. The court clearly advised defendant that bailment and loss had been shown by plaintiff and — in his opinion, due diligence had not been shown by defendant in permitting plaintiff's boat to remain in the defendant's slip for approximately six weeks — without action.

Where property is delivered for repair under a bailment and there is no agreement as to time the work is to be completed, a reasonable time will be allowed, and what is a reasonable time is a question for the trier of fact. *Sisson v. Roberts,* 25 Ga. App. 725 (1) (104 SE 910). The court strongly advised defendant his actions did not

constitute due diligence — thus he could not avail himself of the "Act of God" defense. Code § 12-106. We find that where plaintiff first delivered his boat to defendant for repair "in the fall" of one year and in July of the succeeding year those repairs have not been completed — we cannot say there is insufficient evidence in the record to support the finding of the court that due diligence of defendant was not established. *Lee v. Creaty*, 104 Ga. App. 429, 430 (121 SE2d 841).

3. The judgment was authorized by the evidence.

4. The remaining enumerations of error are deemed non-meritorious.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Submitted April 8, 1975 — Decided June 5, 1975.

*Harrison, Martin, Childs & Foster, John R. Grimes,* for appellant.

*Ernest J. Nelson, Jr.,* for appellee.