58331, 58332. DIXIE FIRE SERVICES, INC. v. PAPPAS; and vice versa.

Banke, Judge.

The plaintiff, Dixie Fire Services, Inc., filed suit against the defendant, Manuel Pappas, to collect an alleged indebtedness in the amount of $2,458. Pappas answered denying the claim and counterclaimed for

certain commissions allegedly owed to him by Dixie Fire, by whom he was at one time employed. The case was tried by the court without a jury. At the inception of the trial, Pappas admitted the indebtedness claimed by Dixie Fire, so that the sole issue remaining to be tried was the amount due under his counterclaim. After hearing the evidence, the trial court found Dixie Fire owed Pappas commissions equal to the amount of the indebtedness due Dixie Fire and thus ordered that both sides take nothing. Dixie Fire appealed, and Pappas filed a cross appeal. *Held:*

1. The evidence as to the amount of the commissions due was conflicting, and none of it supported the conclusion that Pappas was owed commissions exactly equal to the amount of the indebtedness which he owed to Dixie Fire. Instead, all of the evidence introduced in support of the counterclaim indicated that Pappas was owed more than the amount of his indebtedness. "[I]t is never a ground for complaint on the part of the defendant [in this case the defendant on the counterclaim] that the amount of the verdict is less than that which the plaintiff [in this case the counterclaimant] is entitled to recover. Even though there is no evidence to support a verdict for the amount rendered, there is evidence as to the liability from which the verdict may be sustained, and, this being so, the paucity of the verdict is favorable to the defendant and he cannot complain thereof." *Mabry v. Holcomb,* 82 Ga. App. 1, 4 (60 SE2d 411) (1950). See *Johns v. League, Duvall & Powell, Inc.,* 202 Ga. 868 (1) (45 SE2d 211) (1947); *Lee v. Creaty,* 104 Ga. App. 429 (121 SE2d 841) (1961).

Having found that Pappas was owed commissions equal to the amount of the indebtedness prayed for by Dixie Fire Services, the trial judge did not err in treating the counterclaim as a set-off and ordering that both sides take nothing. See Code Ann. § 81A-108(c).

2. Pappas, as cross appellant, has declared in his brief to this court that it is his desire to withdraw his cross appeal in the event that a new trial is not mandated by the outcome of the main appeal. Since no new trial is in fact required as a result of the main appeal, the cross appeal is accordingly deemed withdrawn.

*Judgment affirmed in Case No. 58331. Appeal withdrawn in Case No. 58332. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979.

*Ira S. Zuckerman,* for appellant.
*Arthur Gregory, John Gamble,* for appellee.