## DOOLEY *v.* GORMAN.

1. It appearing that the claim for damages set up by the plea of recoupment in this case did not grow out of any breach of the contract sued upon, there was no error in sustaining the demurrer thereto.
2. The allegations in the defendant's pleas were sufficient to admit testimony tending to establish the parol contract set forth in the pleas, and therefore the court erred in excluding such testimony.

3. There being some evidence in the case tending to establish the defenses set up by the defendant's pleas, the court erred in directing a verdict for the plaintiff.

Submitted May 16, — Decided July 19, 1898.

Complaint on note. Before Judge Reid. City court of Atlanta. September term, 1897.

*Hamilton Douglas,* for plaintiff in error.
*Frazer & Hynds,* contra.

COBB, J. Gorman sued Mrs. Dooley upon a promissory note dated September 10, 1895, and reciting that it was in full for all services rendered her to September 11, 1895. The defendant pleaded that the consideration of the note had totally failed, for reasons which will appear from the following: About June 1, 1895, defendant entered into a contract with the plaintiff, whereby he was to work for her for one month, during which time he was to go to California to secure California exhibits in the California building at the Cotton States & International Exposition, and was to be paid two hundred and fifty dollars for his services during the month, the defendant having a contract with the exposition company for the erection of the California building. Plaintiff went with her to California for the purpose stated, and represented from day to day that he was securing exhibitors, and that contracts for space would be soon signed and turned over to defendant. In the early part of July defendant left California and returned to Atlanta. No distinct understanding was had with the plaintiff as to his work after July 1, it being mutually understood, however, that he was to continue in the same work at the same compensation, finish it in a few days, and return to Atlanta with contracts covering all space in the building. She advanced him his expenses during the trip, which were large, and made him advances at different times on account of the services. He returned to Atlanta about August 5, and represented that exhibitors had been practically secured to fill the building and that his services were necessary to consummate negotiations pending with some of them. He guaranteed that, in consideration of being employed by her to complete these negotiations, the

building would be filled with bona fide California exhibitors, and in consideration of such guarantee and the representations made it was *verbally* agreed that he should continue to serve her for an indefinite period, not to extend later than the opening of the exposition in September, 1895. Incidentally he was to give her the benefit of his experience in putting up the California building. He continually represented that he was in constant communication with exhibitors in California, and that there were great numbers of his personal friends, fruit-growers, wine-makers, etc., who would occupy the building when the exposition opened. She repeatedly requested the plaintiff to furnish her with a list of the exhibitors secured, and also any correspondence or memoranda that would give her information on the subject. He failed to give any definite information, but from time to time quieted her apprehensions with promises which were false. Having no way to ascertain their falsity and being afraid to interfere with his plans, she relied on these representations and did not dismiss him from her employment. Her verbal contract with defendant ended September 11, up to which time he had been supposed to be working for her; and if the services had been actually rendered, she would have been due him the amount of the note sued on. The note was given because defendant was led to believe that the services had been rendered. It became apparent when the exposition opened that the exhibitors had not been obtained by plaintiff, and that his representations that they had were false, and that he never had performed the services he was employed to perform. The note was given upon the representations made by plaintiff that the services had been rendered, when in truth they had not been rendered.

The defendant further pleaded, that she obtained bids from responsible parties for the erection of the California building, one being for the sum of $2,850.00. She "was about to accept said building to be built by day labor under the supervision of plaintiff," he representing himself as a thoroughly practical builder, that he had built many buildings, knew the cost of material, etc., and that the building could be erected at a much less sum than the sum mentioned in the bid above

referred to. He agreed that he would secure a reliable foreman and erect the building, guaranteeing to do the work at less than the sum mentioned. He undertook the work, and the building cost $3,600.00. He added to the cost of the building by making additions thereto, which were not authorized and which ruined the symmetry of the building. The additions cost $350.00 and were entirely useless. She alleged that on account of this conduct of the plaintiff he had become liable to her in the sum of $750.00, for which amount she asked judgment.

The second plea above referred to was stricken on demurrer, and the case proceeded to trial upon the petition and the plea first above mentioned. The plaintiff introduced in evidence the note sued on, and closed. The defendant introduced the written contract signed by herself and plaintiff, dated June 1, 1895, which was as follows: "Georgia, Fulton County. This agreement between Mrs. S. C. Dooley, of said county and State, and J. Anthony Gorman, of San Francisco, California, shows that said Mrs. S. C. Dooley has employed said Gorman for one month beginning with June 1, 1895, to go with her to the State of California and render such assistance as she may direct, looking towards the securing of exhibitors for the California State building at the Cotton States & International Exposition to be held in Atlanta during the fall of 1895. Said Mrs. S. C. Dooley for said services is to pay two hundred and fifty dollars per month and all railroad travelling and hotel expenses. Said money is to be paid at the expiration of said time of service, and is to be in full for all services rendered up to date. It being impossible to specify in detail what services shall consist of, it is mutually agreed that said Gorman will render every assistance in his power to secure such exhibitors, together with an exhibit from the State Board of Trade of California." The defendant testified to facts which she claims tended to establish the truth of her pleas. The court thereupon directed a verdict for the plaintiff; and a motion for a new trial filed by the defendant being overruled, she excepted.

1. Upon an analysis of the plea which was stricken on demurrer, it is clear that the intention of the pleader was to file

a plea of recoupment. It was, no doubt, so treated on the trial of the case in the court below, and counsel for plaintiff in error in his brief deals with it as a plea of this character. As such it was insufficient and was properly stricken. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Civil Code, § 3756. Recoupment is confined to the contract on which the plaintiff sues. Civil Code, § 3757. The damages claimed in the plea grew out of the false representations made by the plaintiff in regard to the sum for which he could construct the building therein referred to. If the plaintiff be liable at all to the defendant on account of this matter, it grows out of transactions entirely separate and distinct from the note which is sued on or the contract out of which it grew. Treating the plea as being a plea of recoupment, which was the only way in which it was dealt with in the trial court, and there having been no effort to sustain it otherwise, we see no error in the judgment of the court striking the same.

2. It appears from the above statement of facts, that there was a written contract between the plaintiff and the defendant, in relation to the services to be rendered by the former to the latter during the month of June, 1895. It was distinctly alleged in the plea upon which the trial was had, that there was a verbal contract at a later day for services to be rendered subsequently to the month of June. The court refused to admit testimony which would tend to establish this parol contract. In this we think that he erred. The allegations were, that the note sued on grew out of the parol contract, and that the defendant was not liable on the note on account of the plaintiff's failure to comply with the obligation undertaken by him in the parol contract.

3. The plea alleged, that at the time the note sued on was signed the services for which the note was given had not been performed, and that the note was delivered upon the false and fraudulent representations of the plaintiff that he had rendered the services, when he knew that he had not; that the defendant was ignorant of the fact that the services had not been

rendered, and relied upon the statements of the plaintiff. If these allegations be proved, there would be such a fraud shown to have been perpetrated upon the defendant as to relieve her from any liability on the note. If the services had not been performed, and the note was given upon the false representations of the plaintiff that they had been rendered, the defendant would be let into the defense pleaded in this case, notwithstanding the fact that the note recited that the services had been rendered in accordance with the contract between the parties. There was some evidence which the jury would be authorized to consider, tending to establish the truth of the defendant's pleas and to show that the note was procured by false and fraudulent representations; and we think that the case should have been submitted to the jury on this issue. It was therefore error for the court to direct a verdict in favor of the plaintiff. *Judgment reversed. All the Justices concurring.*