### 1345.  REAMS *v.* THOMPSON.

1. The express terms of a written instrument are not to be varied by any alleged parol contemporaneous agreement, whether that agreement be based on a consideration or not.
2. While in some cases the terms of a written contract may be varied by a subsequent parol contract between the same parties, yet before an alleged subsequent agreement can be given the effect of changing or abrogating a previous written contract, it must possess the elements and formalities essential to the creation of a valid contract as to the particular subject-matter.

Complaint, from city court of Atlanta—Judge Reid. June 19, 1908.

Argued November 12,—Decided November 24, 1908.

Mrs. Thompson sued Mrs. Reams on a series of notes, which on their faces were negotiable, and which, according to their terms, were past due. In the notes it is expressly stipulated, that as to the maturity of the notes, time is of the essence, and that if as many as three of the notes should be due and remain unpaid for as much as thirty days, the entire series should therefrom become due at once. Mrs. Reams filed a plea, in which she recited a parol contemporaneous agreement, made on an alleged consideration of $150, in substance, that the notes should. not be negotiable, that time should not be of the essence as to the maturity of the notes, and that the plaintiff would give her full and ample time in which to resell or otherwise dispose of the real estate for the purchase-

price of which the notes were given. She further pleaded, that subsequently, by parol agreement, the plaintiff agreed with her to accept, in substitution for her in the land trade, another purchaser for the property, and to allow him to assume the indebtedness, he executing his notes in the place of her notes, but that when the time·came to close the trade, the plaintiff refused to complete the arrangement and to abide by her agreement in this respect.

*F. Roland Alston,* for plaintiff.

*Owens Johnson, H. L. Culberson,* for defendant.

POWELL, J. (After stating the foregoing facts.)

1. The plea, so far as it related to the alleged agreement made at the time the notes were executed, was a direct, unmasked attempt ·to vary the express terms of a written contract by a parol contemporaneous agreement. The fact that there was consideration for this parol agreement does not render the rule forbidding such contradiction of a written contract any the less applicable. The express terms of a written instrument are not to be varied by proof of a parol contemporaneous contract, any more than they are to be varied by proof of a parol contemporaneous nudum pactum. *Jones* v. *Taylor,* ante, 161 (62 S. E. 992). The cases cited by counsel for plaintiff in error are easily distinguishable: *Denham* v. *Walker,* 93 *Ga.* 501 (21 S. E. 102), related to an executed parol subsequent agreement by which the terms of the original contract had been changed; *Dooly* v. *Gorman,* 104 *Ga.* 767 (31 S. E. 203), was based on the proposition that the plaintiff procured the contract by fraud, and did not involve the question here decided.

2. The plea, so far as it attempted to set up that subsequently to the execution of the written contract the plaintiff agreed to accept another as a purchaser of the land, in substitution for the defendant, is bad, if for no other reason, in that the alleged agreement related to lands and an interest therein, and was within the statute of frauds. No such performance was shown as to fulfill the requirements of any of the exceptions to that statute. See also *Patterson* v. *Ramspeck,* 81 *Ga.* 808 (10 S. E. 390).

*Judgment affirmed.*