7578. EMPIRE STATE JEWELRY COMPANY *v.* GRANT JEWELRY CO.

WADE, C. J. 1. The plea sufficiently indicated that the guaranty as to the weights of the diamonds sold to the defendant was made before the purchase and not thereafter, and that the alleged false representations as to the weights induced the purchase; and the court did not err in overruling the demurrer thereto upon that and other grounds.

2. The fact that the purchaser afterwards gave notes for the remainder of the purchase-price then unpaid would not prevent the purchaser from setting up, by way of recoupment, a claim for damages based on an alleged deficiency in the weights of the diamonds purchased, since the damages arose out of the *original* contract of purchase, and not under any special conditions or stipulations contained in the simple promissory notes executed to close the original purchase-money account. The case of *Dooley* v. *Gorman,* 104 *Ga.* 767 (31 S. E. 203), is not in point, as the note sued upon in this case does not purport to set forth the entire contract between the parties, but only fixes in part the amount to be paid by the maker to the payee, and the date when one such payment shall be made.

3. According to the testimony in behalf of the defendant, the notes given to the plaintiff in settlement of the balance due on open account for the purchase-money of the diamonds were executed and delivered before the defendant had discovered, or there had been brought to its attention, any reason to investigate, and before it had a reasonable opportunity to. discover the breach of warranty on the part of the seller as to the weights of the diamonds purchased; and therefore the defendant was not estopped from setting up its claim for damages because of the giving of the notes.

4. The testimony was in sharp conflict, but there was evidence to sup-

port the finding of the jury in favor of the defendant; and since that finding has been approved by the trial judge, this court will not set it aside.                    *Judgment affirmed.    George and Luke, JJ., concur.*

DECIDED JANUARY 23, 1917.

Complaint—appeal; from Baldwin superior court—Judge Park. April 14, 1916.

Suit was brought in a justice's court on a promissory note of the defendant to the plaintiff for $50 principal and for interest and attorney's fees; and by appeal the case was taken to the superior court, where the trial resulted in a verdict for the defendant. The bill of exceptions complains of the overruling of a demurrer to the defendant's plea, and of the refusal to grant a new trial. In the plea it was averred, that the note sued on was given, with other notes of the defendant, in payment of the purchase-price of three diamond rings sold to the defendant, one for $126, one for $125, and one for $162; that a part of the consideration of the purchase was a guarantee by the seller that the rings should weigh as follows: two to weigh 3-4 of a karat each, and one to weigh 7-8 of a karat, less 1-16, less 1-32; that these weights were warranted by the plaintiff, and on the faith of this warranty the defendant bought the rings, and, after several payments were made on the account, the remainder of the account was closed by notes, one of which was the note sued on; that the defendant paid on "the said account of said notes" the sum of $281.17; that after the notes were given the stones were weighed, and the two small stones weighed only a half karat each, and the larger stone weighed only three fourths of a karat; that the small stones were actually worth $75 each, and the larger stone was actually worth $104; that if the stones had weighed as much as warranted by the seller, they would have been worth the purchase-price charged, while the difference in weight made a difference of $254 in value; and by reason of said failure and breach of warranty the defendant was damaged more than $150. There was a prayer for recoupment in the sum of $100. The verdict was merely a general verdict for the defendant.

The grounds of the demurrer were: (1) The plea does not allege when the purchase was made, or when the notes were given, or when the guaranty was made; it is insufficient without an allegation that the guaranty was made at the time the contract sued on was made. It does not allege that the defendant did not have

an opportunity to inspect the articles purchased, or was prevented from so doing, and it does not allege that there was an offer to rescind, or any complaint or tender back of the articles purchased. (2) The plea shows that there was a complete accord and satisfaction between the parties, and that the notes were given in full settlement of the account, and the defendant is estopped from setting up any defense that he might have had prior to the settlement and the giving of the notes, and from denying that the amount due at the time of the execution of the notes was equal to the amount of the notes. (3) The plea of recoupment is demurred to because the claim of damage does not arise out of the note sued on, but arises out of a separate and distinct contract.

*D. S. Sanford,* for plaintiff.    *Hines & Vinson,* for defendant.