## 10131.  TALLEY v. MATTHEWS.

BROYLES, P. J.  1. The court did not err in dismissing the petition on general demurrer.

2. As this ruling controls the case, it is unnecessary to consider the judgment overruling the special demurrers.

> *Judgment affirmed.  Bloodworth and Stephens, JJ., concur.*
>            DECIDED MAY 16, 1919.

Complaint; from DeKalb superior court—Judge Smith. August 30, 1918.

The suit was based on an agreement alleged to have been made by the defendant when Mrs. Talley, the plaintiff, transferred to him a bond for title, the written transfer of which was as follows: "For value received I hereby sell, transfer, and assign all my right, title, and interest in and to the within bond for title to C. A. Matthews upon conditions recited in said bond, and the said R. F. Davis [maker of the bond] is authorized and instructed to execute deed in accordance with terms set forth within. Given under my hand and seal, this April 21, 1916. Mrs. Jessie I. Talley (L. S.)." The condition of the bond was that title to a certain lot of land, which Davis had agreed to sell to Mrs. Talley for $300, should be made to her on payment of the amount due thereon, evidenced by her promissory note for $50, payable April 26, 1916. The petition alleges: (paragraph 7) that on April 21, 1916, the defendant entered into an agreement with the plaintiff to assume certain indebtedness of the plaintiff to DeKalb Feed & Supply Company (on a note for $123.05 and an open account for $739.71), provided the plaintiff would transfer to him the bond for title mentioned above; and (8) that "under said agreement and according to the terms thereof" the said bond for title was, on April 21, 1916, transferred by the plaintiff to the defendant "upon the following conditions, which were understood by both parties: Defendant was to pay R. F. Davis the $50 note signed by plaintiff and due April 26, 1916, and have a warranty deed executed in his own name in order that he might put a loan on the place, thereby procuring the money due DeKalb Feed & Supply Company and the $50 to be paid to said Davis, after which said C. A. Matthews was to have no interest in said real estate;" (9) "that [if?] a loan could not be placed upon said house and lot sufficiently large to pay off said indebtedness, said C. A. Matthews was to sell said house and lot, reimburse himself, and turn over to plaintiff all

money received in excess of the indebtedness to DeKalb Feed & Supply Company and to R. F. Davis, and in no event was said defendant authorized to sell said house and lot for less than $280 more than was required to reimburse him, which sum was at all events to be paid to plaintiff when a sale was made by defendant;" (10) "that no consideration passed from C. A. Matthews to petitioner for said transfer and none was contemplated other than is set forth in the three preceding paragraphs, and that the recitation in said transfer, 'For value received I hereby sell, transfer, and assign,' etc., is not true;" (11) "that petitioner's part of said agreement to transfer said bond for title for the purpose and on the terms and conditions herein alleged has been fully executed;" (12) "that on June 1st, 1916, defendant sold said house and lot to E. T. Echols for $1,500, which is $587.24 more than plaintiff owed DeKalb Feed & Supply Company and R. F. Davis, as herein shown, and which sum should have been turned over to plaintiff immediately after said sale, according to the terms of the contract entered into between petitioner and defendant, and which contract was fully executed on petitioner's part on the 21st day of April, 1916, when she executed the transfer set forth;" (13) "that defendant refused to pay petitioner said $587.24, or any part thereof, and in so doing has injured and damaged her in the sum of $587.24, with interest from June 1st, 1916, to date; for which she prays judgment against defendant," etc.

The defendant demurred generally and specially, contending that the petition was an attempt to modify, add to, or alter by oral testimony the written contract by which the bond for title was transferred to the defendant. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.'

*Hill & Adams,* for plaintiff, cited: Civil Code (1910), §§ 4179, 4188, 5736, 5789, 4268 (1), 3901; 128 *Ga.* 180; 138 *Ga.* 233; 134 *Ga.* 704; 106 *Ga.* 327; 72 *Ga.* 69; Id. 713; 67 *Ga.* 448.

*Green, Tilson & McKinney,* for defendant, cited: 146 *Ga.* 824; 147 *Ga.* 185, 189 (2); 5 *Ga. App.* 226; 81 *Ga.* 808 (4); 112 *Ga.* 199 (6), 210 (6-7).