### 23328. HEAD *v.* WAYCROSS COCA-COLA BOTTLING COMPANY.

DECIDED OCTOBER 28, 1933. REHEARING DENIED NOVEMBER 18, 1933.

*R. A. Moore, Clyde M. Wheless,* for plaintiff.
*Wilson, Bennett & Pedrick,* for defendant.

GUERRY, J. B. J. Head brought his action against the Waycross Coca-Cola Bottling Company, alleging that on January 1, 1929, he entered into a written contract with the defendant, a copy of which was attached to the petition. The material parts of the written contract necessary to a determination of this suit are as follows: The plaintiff agreed to bottle coca-cola for the defendant from January 1, 1929, to December 31, 1929, in a named territory under the conditions prescribed in the contract. It was further stated that the right conveyed by the defendant to the plaintiff was for *"one year,"* and "that said right shall end at such time as this contract is no longer in force," and that "upon expiration of the term fixed for this contract to run . . all rights, privileges and immunities granted under this contract shall terminate and cease." It was further alleged that at the time of the making of this written contract and "for the express purpose of getting plaintiff to execute the same," the defendant corporation· agreed (verbally) with plaintiff that said certain (written) contract that limited the privilege to one year only would be renewed at such times and in such manner as to insure to the plaintiff the said right and privilege so long as plaintiff should desire to prepare, bottle, and seal the

beverage known as coca-cola in the territory described in the written contract, that said verbal contract and said written contract so entered into were "fac similes" of other such verbal and written contracts which had been entered into each year since 1920 between the same parties; and it was further alleged that defendant, without cause and in "violation of its solemn obligation to renew said written contract giving to plaintiff the right and privileges it was entitled to, failed and refused to renew and continues so to do," resulting in damages in a named amount as set out in the petition. The defendant demurred on the ground "that plaintiff seeks in his petition to set up a prior verbal contradictory agreement and one in direct conflict with the written contract." The demurrer was sustained, and the plaintiff excepted.

"An entirely different contract from that evidenced by a writing can not be pleaded or proved by parol as a substitute for that embodied in such writing." *Branan* v. *Warfield,* 3 *Ga. App.* 586 (60 S. E. 325). The writing in the case at bar expressly provided that it should continue in force for one year and at the end of that time all rights thereunder should terminate and cease. Parol evidence is admissible to explain an ambiguity; and where the writing does not purport to contain all the stipulations of the contract, such other or additional stipulations may be shown by parol. The Civil Code, § 4268 (8), says, "Time is not generally of the essence of a contract; but by express stipulation or reasonable construction, it may become so." A written contract (as in this case) expressly limiting its effectiveness to a term of twelve months can not be added to or varied by a parol, contemporaneous agreement different from and contrary to that expressed in the writing. The written contract expressly limited its efficacy to a term of twelve months, the contemporaneous verbal agreement would make its efficacy continue at the will of the plaintiff. This is in plain violation of our code and the long established custom of our law. It was said in *Indiana Truck Corporation* v. *Glock,* 46 *Ga. App.* 519 (168 S. E. 124), "However, all prior or contemporaneous parol agreements between the same parties are not necessarily merged into the written contract. A distinct collateral oral agreement *not inconsistent with the written one* [italics ours] is not so merged." Our courts have been very jealous in guarding and preserving this rule. Indeed, in *Howard* v. *Stephens,* 52 *Ga.* 448, it is

said: "The rule which excludes parol evidence from adding to, or taking from, or varying, written contracts, in view of our evidence act which allows parties to testify in their own favor, should not be relaxed." In *Crooker* v. *Hamilton, 3 Ga. App.* 190 (3) (59 S. E. 722), it is said: "Parol evidence is inadmissible to vary the terms of payments or the date of maturity of a promissory note, or to engraft upon a note a provision *for an extension of time.*" (Italics ours.) See also *Reams* v. *Thompson, 5 Ga. App.* 226 (62 S. E. 1014). There is quite a difference in allowing parol evidence for the purpose of showing the absolute want of consideration for a contract, and the rule allowing parol evidence to alter, vary, change, or add to the terms and conditions of a valid written instrument. In the case at bar the plaintiff attempts to show that the time in which the contract was to be effective was not that fixed by the writing, which fixed it for a definite period as named therein, but was for an indefinite time depending entirely on the will or whim of the plaintiff. Under an unbroken line of Georgia decisions this can not be done. See *Rogers* v. *Atkinson,* 1 *Ga.* 12. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*