33903. KRYS *et al. v.* HENDERSON.

DECIDED FEBRUARY 19, 1952.

324

*S. S. Robinson, Abraham J. Walcoff,* for plaintiffs in error.
*Robert G. Young, Heyman & Abram,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The answer, construed most strongly against the pleader as required by law, alleges in substance that the sale price was predicated on the gross sales which were represented to the defendants by the plaintiff to amount to $24,000 annually. The particular fact set out in support of this allegation is that the plaintiff represented that the gross sales of the business for the year preceding the purchase totaled this sum. This representation is alleged to have been false. The particular fact in support of the allegation of falsity is that, during the year following the purchase, the operation of the business by the defendants resulted in gross sales totaling only $15,000. The answer nowhere alleges the true amount of the gross sales for the year preceding the purchase and, if less than the sum alleged to have been represented, how much less. It is alleged that the falsity of the representation was discovered by the defendants after they had operated the business for the year following the purchase, and that during this year the gross sales totaled only $15,000. The petition alleges no acts on the part of the defendants tending to discover the truth of the representation that the gross sales of the business had totaled $24,000 during the year preceding the purchase. There is no allegation that they examined the books and accounts of the business, or that any false books or accounts were exhibited to them. No facts are alleged tending to show that the defendants were without means of ascertaining the amount of the gross sales of the business for the year preceding, in the exercise of ordinary diligence on their part. There is no claim that they did not receive everything they purchased, but it is alleged only that, a year after purchasing the business, they discovered that it did not make the money they had been assured it would make for them. Where no relation of trust or confidence exists between the parties such as would give rise to a fiduciary relationship, the purchaser may not blindly rely upon general statements as to the character and value of property without taking any precautions whatever to ascertain their basis in fact. *Dean* v.

*Merchants & Farmers Bank,* 24 *Ga. App.* 475 (1) (101 S. E. 196). "When the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller." *Miller* v. *Roberts,* 9 *Ga. App.* 511 (71 S. E. 927). See also *Brooks* v. *Boyd,* 1 *Ga. App.* 65 (57 S. E. 1093) ; *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686). The answer fails to make out any valid defense based on the fraudulent procurement of the contract by misrepresentation as to a material fact.

Insofar as the defendant relies, in support of his plea of fraud, upon representations of the seller to the effect that the business was expanding in value and would continue to make gross sales in the future of $24,000 or larger amounts—whereas as a matter of fact the business grossed only $15,000 during the twelve-month period in which it was operated by the defendant—these statements are insufficient to constitute actionable fraud. Generally, warranties relate to future events, and representations to past or existing facts, and mere unfulfilled predictions and erroneous conjectures as to future events do not constitute actionable fraud. *Rogers* v. *Sinclair Refining Co.,* 49 *Ga. App.* 72 (174 S. E. 207). "Mere 'puffing' does not constitute legal fraud, the same not being calculated to really mislead a purchaser, especially when he is afforded a full opportunity to form his own independent opinion as to the advisability of becoming a purchaser." *Terhune* v. *Coker & Co.,* 107 *Ga.* 352, 354 (33 S. E. 394).

In *Spells* v. *Swift & Co.,* 34 *Ga. App.* 620 (130 S. E. 593), and *Empire State Jewelry Co.* v. *Grant Jewelry Co.,* 19 *Ga. App.* 125 (91 S. E. 214), cited by counsel for the defendants, the defense was that the defendant had purchased certain merchandise by weight, and had not received the weight or quantity purchased. Here there is no contention that the defendants did not receive the entire property purchased, which was a business, together with its good will and certain personal property to be used in its operation. In *Daniel* v. *Browder-Manget Co.,* 13 *Ga. App.* 392 (79 S. E. 237), it was held that misrepresentations as to the solvency of the company and the amount of capital invested

therein, when as a matter of fact it was insolvent, together with other matter of defense, were sufficient to withstand a general demurrer. In *Fellows* v. *Sapp*, 45 *Ga. App.* 89 (2) (163 S. E. 314), it was held that, where the selling price is based upon the cost to the seller, misrepresentations as to cost price may be pleaded in defense of an action brought by the seller against the purchaser. These cases are thus not applicable to the facts of the case here.

It is also difficult to see how gross sales alone could establish the earning capacity of a business and fix its value. Had the defendants been able to finance the sale of their merchandise at less than cost during the year following the purchase, they could doubtless have grossed much more than $24,000, depending upon the size and capacity of the facilities of the business. This procedure, however, would necessarily result in loss and could in no way fix earning capacity. If the defense here had been based squarely upon misrepresentations by the seller as to the previous earning capacity of the business, and facts had been set out which, if supported by proof, would have authorized a jury to find the seller had misrepresented the previous earning capacity in such manner that the defendants, in the exercise of ordinary diligence, could not have discovered such misrepresentations—as, for example, if the defendants had examined audits of the business which had been altered in such manner as to deceive them—there would have been a good defense. Here, however, it appears merely that the defendants were unable to make the profits they had been led to expect. The personality, business acumen, knowledge of the business, and changes in market conditions being so intimately associated with the profits any business will earn in a given period of time—it is obvious that the mere fact that the defendants failed to realize the profits they expected is no ground upon which to seek a reduction of a purchase price forming the consideration for the sale.

The trial court did not err in striking the plea and answer and in thereafter entering judgment for the plaintiffs on their notes.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*