46253.   MULLITE COMPANY OF AMERICA v. THORNTON.

BELL, Chief Judge. This is a suit on an oral employment contract. The parties differed on whether a lump sum amount payable at the end of the year was to be considered as a bonus or as deferred income earned monthly on a pro rata basis. There was no dispute on the existence of the agreement or of its language. The employer appeals from the denial of its motion for new trial. *Held:*

1. In colloquy with counsel, the trial court apparently recognized that the disputed provision was one of uncertain meaning which could be fairly understood in more ways than one. Thus in effect he found the provision to be ambiguous. We agree with him. A contract is ambiguous where after application of the pertinent rules of interpretation, it is left ". . . really uncertain which of two or more possible meanings represents the true intentions of the parties." *Dorsey v. Clements,* 202 Ga. 820, 823 (44 SE2d 783, 173 ALR 509); *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 670 (34 SE2d 839); *Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (1) (161 SE2d 901). In the trial of the case, the testimony of each of the parties supported their respective view as to their intent in entering into the year-end lump-sum provision. This created a jury issue. "Where the terms of a contract are ambiguous, the intention of the parties is a question for the jury." *Superior Pine Products Co. v. Williams,* 214 Ga. 485, 490 (106 SE2d 6); *Summerour v. Pappa,* 119 Ga. 1 (4) (45 SE 713). The trial judge properly submitted the issue to the jury.

2. Error is enumerated on the general grounds. The jury found for the plaintiff employee in an amount less than he sought. Thus, appellant's counsel urges that the verdict was not authorized by the evidence and obviously was a compromise among the jurors. There is much discussion in *North British &c. Ins. v. Parnell,* 53 Ga. App. 178 (2) (185 SE 122) about compromise verdicts, but the treatment there is really much ado about nothing. There is no inherent wrong in a verdict arrived at by jurors compromising among themselves. Indeed, lawyers must agree that a very large percentage of all verdicts are end products reached that way. The determining factor in setting a verdict aside or in upholding it is whether the evidence authorized it. Here, we feel the evidence amply supported the verdict. There is testimony offered by each of the opposing parties which indicates that the original agreement was rescinded but later reinstated. After reinstatement there were some changes in the method of payment and some misunderstanding as to the effect of these changes. This testimony created the additional jury question as to the amount of time the employee worked under

the original agreement, under the reinstated one, and thus, how much of the lump-sum payment, if any, was subject to proration. The verdict was within the range of the evidence authorizing this inquiry.

3. The enumeration urging error in the admitting of evidence over objection was not well taken as the question and answer were germane to the issue and tended to shed light on the intent of the party testifying.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 7, 1971—
REHEARING DENIED OCTOBER 8, 1971—

*Smith, Crisp & Hargrove, William E. Smith,* for appellant.
*Ellis & Ellis, George R. Ellis, Jr.,* for appellee.