## 50598. GILREATH et al. v. ARGO et al.

MARSHALL, Judge.

This is a landlord-tenant case involving language in a lease by Oliver and his transferee, Argo, of commercial premises, including fixtures, to Gilreath and Johnson, lessees and defendants below, for use as a retail oyster and seafood business.

The lease provided in pertinent part: "The lessees agree to make at their own expense, and without expense to the lessor, . . . all of the necessary and needful repairs to said premises . . . Lessor will not be responsible for any breakdown, failure to operate or wearing out of any fixture or piece of equipment. The equipment is operating satisfactorily for the purpose of carrying on the present business, but no claim or guarantee is made beyond this."

Six months after the lease commenced, the compressor in the refrigeration equipment broke down causing damage to other equipment in the building and rendering the business inoperable. The defendants, lessees, vacated the premises and did not pay rent. Argo brought suit against the defendants for unpaid rent, plus interest, and for certain expenses to repair the equipment. The defendants answered denying liability and filed a third-party complaint against the original lessor, Oliver, for fraud and misrepresentation in inducing the defendants to enter the lease.

Argo relied on the language in the lease that he was not responsible for the breakdown of the equipment and that the defendant lessees therefore had no right to vacate the premises. The defendants relied on the language in the lease that the equipment was operating satisfactorily for the purpose of carrying on the "present business" at the time of the lease, meaning that the equipment would run for the five-year period of the lease.

Following lengthy litigation, the jury returned a verdict for plaintiff Argo. Judgment was entered in favor

of Argo and in favor of Oliver on the third-party complaint. Defendants, lessees, appeal therefrom, enumerating 17 errors.

1. In enumerations of error 6 through 16 the defendants allege errors in the trial court's instructions and recharges to the jury and in certain failures to instruct. We have reviewed the court's instructions (covering some 45 pages of transcript) and the defendants' objections and the discussion thereof (covering another 90 pages) and find that the trial judge properly instructed on the law as it applied to the facts in this case. Though the jury may have been confused by the length and complexity of the instructions on the law, it could not have been misled to the prejudice of the defendants because the principles of law given by the court were applicable and correct.

2. The defendants contend that there was no theory of the evidence presented in the case which would support the verdict that the jury awarded, $5,343.18, and therefore same was a compromised verdict. Argo's amended complaint prayed for $7,352.50 for rent past due (plus interest) and repairs to equipment in the premises, and his evidence at trial showed at least that amount of damages.

"There is no inherent wrong in a verdict arrived at by jurors compromising among themselves. Indeed, lawyers must agree that a very large percentage of all verdicts are end products reached that way. The determining factor in setting a verdict aside or in upholding it is whether the evidence authorized it." *Mullite Co. v. Thornton,* 124 Ga. App. 568, 569 (2) (185 SE2d 548). Furthermore, since the amount of the verdict was less than that demanded against the defendants, " '. . . [W]e know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him.' For like rulings, see *Pullman Co. v. Schaffner,* 126 Ga. 609 (4) (55 SE 933, 9 L. R. A. (NS) 407); *Cooper v. Bowen,* 140 Ga. 45 (3) (78 SE 413); *Theatrical Club v. Bernard,* 140 Ga. 76 (78 SE 410); *Johns v. League, Duvall & Powell, Inc.,* 202 Ga. 868 (1) (45 SE2d 211)." *Smallpiece v. Johnson,* 210 Ga. 310, 315 (80 SE2d 296). See also *Williams v. Blanton,* 211 Ga. 491 (2) (86 SE2d

504).

3. The defendants' contention at trial was that Mr. Oliver, the original lessor, committed fraud by telling the defendants, lessees, inter alia, that if the equipment needed repairs, a Mr. Basham would fix it. Later when the equipment broke down Mr. Basham was called by the defendants, but he did not come out. The defendants contend on appeal that the trial court's refusal to allow them to testify that when they called Mr. Basham to repair some equipment, Mr. Basham refused, was harmful error in that such testimony was essential to show fraud on the part of Mr. Oliver in inducing them to sign the lease. One of the defendants testified that Oliver's statement regarding Mr. Basham was made after the lease had been signed.

We find that the exclusion of this testimony was not error. Fraud which constitutes a ground for voiding the contract under Code § 20-502 must be fraud which induced the parties to enter the contract. *Smith v. Newton,* 59 Ga. 113 (5); *King Sales Co. v. McKey,* 104 Ga. App. 63 (1) (121 SE2d 48). Here, the statement by Oliver was made *after* the lease had been signed.

Furthermore, the representation which forms the basis for the fraud must relate to an existing fact and not a future event, i.e., that someone *will* make the repairs when needed. *American Food Services, Inc. v. Goldsmith,* 121 Ga. App. 686, 688 (175 SE2d 57); *Adamson v. Maddox,* 111 Ga. App. 533 (3) (142 SE2d 313); *Krys v. Henderson,* 85 Ga. App. 323 (69 SE2d 635).

Even if the evidence was necessary to their claim of fraud, as contended by the defendants, its exclusion was harmless in that the same testimony was admitted elsewhere in the transcript on numerous occasions and its exclusion here we believe did not mislead the jury.

4. Appellant also complains that he was not permitted to testify as to his interpretation of certain language in the lease. Since one of the defendants had previously testified as to what he thought the particular language meant to him, we find no error in the court's refusal to permit him to repeat the same testimony.

5. The trial court's interpretation as to the legal intent of the two sentences of the lease, to wit: "The lessor

will not be responsible for breakdown of the equipment" and "the equipment was operating satisfactorily for the purpose of carrying on the present business," was not error. "Where the terms of the contract are plain and unambiguous, their construction is for the court rather than the jury." *State Hwy. Dept. v. MacDougald Const. Co.,* 102 Ga. App. 254, 255 (4) (155 SE2d 863). "The construction of a contract is a question of law for the court." Code § 20-701. In spite of the defendants' assertions of ambiguity in these sentences, we find none. It was unnecessary for the court to instruct on the remainder of the language in the lease, since same was not essential to the jury's determination of responsibility, and such instructions were not requested by defendants.

6. The appellant's final enumeration of error lists several questions of mixed law and fact, which they feel were unanswered by the jury's verdict. Each of these questions was covered by the evidence of record and was the subject of proper instruction by the court. The answers to all of them were included in the jury's verdict for the plaintiff Argo.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 5, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 29, 1975.

*Grady C. Pittard, Jr.,* for appellants.
*Fortson, Bentley & Griffin, Herbert T. Hutto, Chappelle Matthews, Hudson & Montgomery, Jim Hudson,* for appellees.