## 53319. TRIMIER v. ATLANTA UNIVERSITY, INC.

McMURRAY, Judge.

Ms. Trimier was employed as an administrative assistant to the dean of the school of business administration at Atlanta University, Inc. and had served in that position since June 8, 1971. She was employed on a year-to-year basis from the beginning of September of one year to the last of August of the following year. In May 1975, she was offered a new contract for the following year for the period from September 1, 1975, to August 31, 1976, being under contract at that time which did not terminate until August 31, 1975. The contracts under which she was employed provided for effective termination with 30 days notice and referred to an employment manual which provided for severance pay of one month's pay for each full 12 months service up to a maximum of three months salary of an employee with tenure.

On June 26, 1975 the university notified Ms. Trimier that her employment was being terminated effective July 31, 1975, due to present general economic conditions, her release to be effective on June 27, 1975, but that she would be paid for July and August (vacation month) and for three months thereafter in severance pay.

Whereupon Ms. Trimier brought suit for breach of contract, contending that she had been re-employed for a full 12 months in May of 1975, and that the employment manual providing for conditions of employment clearly states that if an employee is not reappointed the employee must be notified no later than March 15 of any academic year after the first year of service.

Defendant answered, admitting generally all averments of the complaint, but denying that the

employment terminated other than under the terms of the contract and denied that plaintiff was entitled to any judgment against it. After discovery, which involved admission of facts and genuineness of documents with reference to the contracts, memorandum terminating employment, and the various excerpts of the employment manual which are pertinent, and based on certain affidavits, all of which show plaintiff's employment was terminated for economic reasons, a motion for summary judgment in favor of defendant was granted. Plaintiff appeals. *Held:*

It is quite evident that at the time of termination of employment there were two contracts in existence, the first of which ended on August 31, 1975, and a renewal contract commencing the first of September 1975 for one year. There seems to be no dispute as to the facts, inasmuch as even though her employment was terminated on July 31, 1975, the employee was given a month's vacation with pay for the month of August and three months severance pay thereafter. The plaintiff apparently bases her claim on a clause contained in the employment manual with reference to non-reappointment for the following academic year which requires notification no later than March 15 of the existing academic year, contending that the contract and manual are ambiguous and must be construed more strongly in favor of the employee since it was prepared by the defendant. Plaintiff cites Code Ann. § 20-1104 and *City of Royston v. Littrell Engineering Co.,* 87 Ga. App. 903, 906 (75 SE2d 678) and several other cases referring to notice. Counsel for plaintiff contends the notice of June 26, 1975, came too late after renewal of the contract for the following year. But both of the contracts clearly provide for termination with 30 days notice because of budgetary or economic situations on the part of the university. There is no dispute with reference to the reason for termination, nor as to the payment of plaintiff's August payment, as well as the three months severance pay thereafter. The contract is clear and unambiguous and the clause on which plaintiff bases her claim has reference to nonreappointment and renewal of the contract of employment which does not control the termination of

service by reason of lack of funds and economic considerations. The terms and conditions being clear and unambiguous, both the pleadings and evidence show there are no jury issues remaining for consideration. Code § 20-701; *Fox v. Southern Glassine Co.,* 130 Ga. App. 124 (202 SE2d 563); *Gilreath v. Argo,* 135 Ga. App. 849 (5) (219 SE2d 461). The court did not err in finding as a matter of law that the contracts had been adequately complied with and employment terminated in accordance therewith, and the defendant was entitled to judgment as a matter of law.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 19, 1977 — DECIDED MARCH 9, 1977.

*Matthew J. Blender,* for appellant.

*King & Spalding, William A. Clineburg, Jr., Chilton D. Varner,* for appellee.