74117. MEDICAL ONCOLOGY HEMATOLOGY GROUP,
P. C. v. GOLDKLANG.
(360 SE2d 41)

McMURRAY, Presiding Judge.

On August 1, 1979, Medical Oncology Hematology Group, P.C. (corporation) entered into an employment agreement with Gerald A. Goldklang, "a physician, licensed to practice medicine in the State of Georgia," (defendant), whereby defendant was to perform medical services on behalf of the corporation. Defendant was associated with the corporation from August 1, 1979, until December 1, 1983. Thereafter, defendant "opened separate offices" and continued to practice medicine.

On January 17, 1984, the corporation filed a lawsuit against defendant alleging defendant breached the employment contract. The corporation further alleged that defendant engaged in tortious activi-

ties relating to his association and termination with the corporation. Defendant answered and denied the material allegations of the complaint. Subsequently, defendant filed a motion for partial summary judgment as to the corporation's claims for breach of contract. In this regard, the trial court entered, in pertinent part, the following order: "A review of the documents filed by Defendant on March 27, 1986, in addition to the other evidence of record, clearly reveals that the 'Employment Agreement' between the parties terminated in August 1980 as provided in Paragraph 6 (b) of said Agreement. According to the [corporation's] own records, it ceased paying any salary to Defendant in August 1980. Thereafter, [the corporation] characterized its payments to Defendant as 'fees,' 'draw' or payment for 'professional services.' In light of this evidence and the other evidence of record showing a disregard for the 'Employment Agreement' after August 1980, it is clear that no Agreement existed after August 1980 for the Defendant to breach. Thus, Defendant is entitled to judgment as a matter of law. This ruling makes it unnecessary to address Defendant's remaining contentions. Accordingly, Judgment is hereby GRANTED in favor of the Defendant as to Counts II, III and IV of [the corporation's] complaint." The corporation now appeals. *Held*:

In its sole enumeration of error, the corporation contends "[t]he trial court erred in finding as a matter of law that the employment agreement had been terminated."

" 'Where the terms of the contract are plain and unambiguous, their construction is for the court rather than the jury.' *State Hwy. Dept. v. MacDougald Constr. Co.*, 102 Ga. App. 254, 255 (4) (155 SE2d 863). 'The construction of a contract is a question of law for the court.' Code § 20-701 [now OCGA § 13-2-1]." *Gilreath v. Argo*, 135 Ga. App. 849, 852 (5) (219 SE2d 461). In the case sub judice, it is undisputed that paragraph 6 (b) of the employment contract provided that the employment agreement would be terminated "[o]ne year from the date set forth in this Agreement [August 1, 1979]." Notwithstanding the corporation's contrary assertions, we find this provision clear and unambiguous. Consequently, the trial court did not err in finding that defendant's employment had terminated by the terms of the contract. See *Trimier v. Atlanta Univ.*, 141 Ga. App. 546 (234 SE2d 342).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JULY 8, 1987 —
REHEARING DENIED JULY 24, 1987.

*Mitchell S. Rosen*, for appellant.

*Matthew H. Patton, Constance C. Russell*, for appellee.